STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY, Plaintiff-Appellee, v. JAMES J. GEORGE, Indiv. and as Guardian of the Estate of Taylor N. Hitch, a Minor, and as Special Adm'r of the Estate of Erin Lynn Hitch, Defendant-Appellant.

Third District   No. 3—01—0111

Opinion filed January 18, 2002.

Sam Cuba (argued), of Law Offices of Sam Cuba, of Palos Heights, for appellants.

Frank C. Stevens (argued), of Taylor, Miller, Sprowl, Hoffnagle & Merletti, of Chicago, for appellee.

PRESIDING JUSTICE LYTTON delivered the opinion of the court:

State Farm Mutual Automobile Insurance Company (State Farm) filed a declaratory judgment action against James J. George. State Farm moved for summary judgment, and the trial court granted the motion. We affirm.

James J. George and Erin Lyn Hitch had a minor child, Taylor N. Hitch. James and Erin never married or lived together, and Taylor lived with James at all times relevant to this case. On July 2, 1998, Erin was a passenger in a vehicle that was involved in a single-car accident. Erin was killed. The driver of the vehicle had no liability insurance.

James had an automobile insurance policy with State Farm. Erin was not an insured under James' policy, but Taylor was insured because she resided with her father.

James made an uninsured motorist claim on behalf of Taylor for the loss of society she suffered because of her mother's death. State Farm filed an action asking the court to declare that Taylor could not recover under James' policy and later filed a motion for summary judgment, which the trial court granted.

On appeal, James argues that Illinois' uninsured motorist act, section 143a of the Illinois Insurance Code (215 ILCS 5/143a (West 2000)) (Act), requires that an insured be covered for loss of society caused by the death of an individual who is not insured under the policy. He claims that more restrictive language in the policy violates the Act.

The statute requires coverage "for the protection of persons insured *** who are legally entitled to recover damages from owners or operators of uninsured motor vehicles and hit-and-run motor vehicles because of bodily injury, sickness or disease, including death, resulting therefrom." 215 ILCS 5/143a (1) (West 2000). We must decide whether the Act mandates coverage for loss of society when the actual bodily injury is sustained by any person, or solely by an insured person.

Because no Illinois cases have reached this issue, the parties rely on cases from several other states that have construed identical, or nearly identical, language. The majority of jurisdictions have held that insurance policies need not compensate for damages for loss of society. See, *e.g.*, *Valiant Insurance Co. v. Webster*, 567 So. 2d 408 (Fla. 1990); *Farmers Insurance Exchange v. Chacon*, 939 P.2d 517 (Colo. App. 1997); *Livingston v. Omaha Property & Casualty Insurance Co.*, 927 S.W.2d 444 (Mo. App. 1996); *Lafleur v. Fidelity & Casual Co. of New York*, 385 So. 2d 1241 (La. App. 1980). A minority of states have found that the statute plainly requires such coverage. See *Sexton v. State Farm Mutual Automobile Insurance Co.*, 69 Ohio 431, 436, 433 N.E.2d 555, 558-59 (1982); *Hinners v. Pekin Insurance Co.*, 431 N.W.2d 345, 347 (Iowa 1988). We agree with those states that have denied uninsured motorist coverage under these circumstances.

■ In Illinois, the Act applies to "insured [persons] *** entitled to recover damages *** because of bodily injury." 215 ILCS 5/143a (1) (West 2000). We believe that this language is ambiguous; it can be reasonably read either to mandate coverage for loss of society or to allow for its exclusion. The disagreement among state courts in their reading of identical language highlights this ambiguity. Because the plain language is unclear, we may look to the purpose behind the law and the evils it was designed to remedy. *Kunkel v. Walton*, 179 Ill. 2d 519, 533-34, 689 N.E.2d 1047, 1053 (1997).

■ The public policy underlying the Act is to place insured parties injured by an uninsured driver in substantially the same position they would have been in if the driver had been insured. *Hoglund v. State Farm Mutual Automobile Insurance Co.*, 148 Ill. 2d 272, 279, 592 N.E.2d 1031, 1035 (1992). The Act protects insured parties; obviously, it does not extend its protection to those who are uninsured. Further, collateral claims based on physical injury to another are derived only from the underlying claim of the physically injured person; they are not separate and distinct claims. See, *e.g.*, *Schweighart v. Standard Mutual Insurance Co.*, 227 Ill. App. 3d 249, 591 N.E.2d 121 (1992) (loss of consortium claim is derivative of a claim for bodily injury); *Cross v. Country Cos.*, 188 Ill. App. 3d 847, 544 N.E.2d 1246 (1989) (same). Thus, we believe that loss of society cannot be recovered under a policy where the injured party could not recover.

In *Farmers Insurance Exchange v. Chacon*, 939 P.2d 517, a case with similar facts, the Colorado appellate court reasoned that,

> "[T]he statute does not compel coverage for a person who is not an insured under the terms of a policy. *See* 12 M. Rhodes, *Couch on Insurance* § 45:624 (1981) ([uninsured motorist] statutes are not intended to create new rights in favor of the injured party, but such statutes create a new procedure for recovery, not against the tortfeasor, but against the injured party's insurer).

> Had the mother lived, she could not have made a claim for her injuries under the liability provisions of defendant's policy. Her claim and any derivative claim to which the children might be entitled, which includes a wrongful death claim, would have been made under her own insurance policy. The children's claim, therefore, would necessarily be encompassed within the mother's claim against her own insurer." *Chacon*, 939 P.2d at 522.

Illinois law is consistent with *Chacon* (see *Schweighart*, 227 Ill. App. 3d 249, 591 N.E.2d 121), and we find its analysis persuasive. Claims derivative of bodily injury to someone not insured under the policy are outside the intended scope of uninsured motorist provisions and excluding such claims does not violate the public policy underlying uninsured motorist acts. See *Chacon*, 939 P.2d at 522.

■ In this case, Taylor's mother was not insured under James' policy, and she would have had no right to make a claim under his policy for her bodily injury. Since Taylor's claim derives from her mother's, her damages cannot be covered by the uninsured motorist provisions of James' policy. Requiring coverage for Taylor's claim

would extend coverage beyond the intended scope of James' policy.[1] Excluding Taylor's claim from coverage in this case does not violate public policy.

■ Next, James asserts that State Farm's failure to limit the general policy definition of "bodily injury" to bodily injury to an insured person creates an ambiguity in the policy. We disagree.

The section of James' policy entitled "Defined Words Which Are Used in Several Parts of the Policy" defines "bodily injury" as "bodily injury to a person and sickness, disease or death which results from it." However, under its uninsured motorist coverage provision, the policy states, in pertinent part,

> "We will pay damages for bodily injury an insured is legally entitled to collect from the owner or driver of an uninsured motor vehicle. The bodily injury must be sustained by an insured and caused by accident arising out of the operation, maintenance or use of an uninsured motor vehicle."

Courts will not strain to find ambiguity in an insurance policy where none exists. *McKinney v. Allstate Insurance Co.*, 188 Ill. 2d 493, 497, 722 N.E.2d 1125, 1127 (1999).

We can find no ambiguity in this portion of this policy. The definition of "bodily injury" appears in a section generally defining several terms that are used throughout the policy. The uninsured motorist provision limits recovery to instances in which "bodily injury" has been sustained by an insured person. Limiting the general definition of "bodily injury," as James suggests, would only make the term meaningless in the numerous other provisions where it is not limited in this way.

■ Finally, James argues that Taylor's damages should be covered, even if the policy is not ambiguous, because her loss of society is a "bodily injury" to her. The definition of bodily injury used by State Farm excludes loss of society. See, *e.g., Creamer v. State Farm Mutual Automobile Insurance Co.*, 161 Ill. App. 3d 223, 224, 514 N.E.2d 214, 215 (1987). Loss of society, like loss of consortium, consists of conceptual damages like loss of companionship and guidance (see *Elliott v. Willis*, 92 Ill. 2d 530, 535, 442 N.E.2d 163, 165 (1982)), rather than the actual physical injury contemplated by the policy definition of bodily injury. Loss of society is "a personal rather than a bodily injury." *Creamer*, 161 Ill. App. 3d at 224, 514 N.E.2d at 215. Taylor's

---

[1]Of course, the parties may always contract to include such coverage within the scope of the policy. See *Schweighart*, 227 Ill. App. 3d at 252-53, 591 N.E.2d at 124 (specific language of an insurance policy may include a derivative claim as a separate, compensable claim).

damages are not bodily injury to her and are not covered under the express language of the policy.

The judgment of the circuit court of Will County is affirmed.

Affirmed.

HOLDRIDGE and HOMER, JJ., concur.