2005 UT 78

**Glorya EAQUINTA, aka Gloria Eaquinta, Plaintiff and Appellant,**

v.

**ALLSTATE INSURANCE COMPANY, Defendant and Appellee.**

No. 20040582.

Supreme Court of Utah.

Nov. 15, 2005.

---

Richard M. Hutchins, St. George, for plaintiff.

Jan P. Malberg and Todd A. Turnblom, Logan, for defendant.

DURRANT, Justice:

¶ 1 In this case we must determine whether an insurance company is required to provide underinsured motorist ("UIM") coverage to its insured for the death of a person who is not covered under the relevant insurance policy. The district court held that neither the UIM provision of appellant Glorya Eaquinta's insurance policy nor Utah's insurance code required the appellee, Allstate Insurance Company, to provide UIM coverage to Glorya Eaquinta for the death of her son because he was not covered under her insurance policy. This appeal followed. We now affirm.

## BACKGROUND[1]

▮ ¶ 2 On February 14, 2003, Glorya Eaquinta's son, Nicholas Eaquinta, forty-three, died due to injuries he received from an automobile accident. Immediately prior to the accident, Nicholas Eaquinta had been driving his girlfriend's car. When he exited the car to retrieve items from the trunk, he was struck by a truck. At the time of the accident, Nicholas Eaquinta did not own a vehicle, was not individually insured, did not reside with Glorya Eaquinta, and was not a named driver on any insurance policy covering either of the vehicles involved in the accident or on Glorya Eaquinta's insurance policy.

¶ 3 After Nicholas Eaquinta's heirs settled with the insurance companies of both vehicles involved in the accident, Glorya Eaquinta made a claim for UIM benefits under her automobile insurance policy with Allstate. Under the terms of that policy, UIM coverage was limited to "an insured person [who] is legally entitled to recover from the owner or operator of an uninsured motor vehicle because of bodily injury *sustained by an insured person.*" (Original emphasis removed) (emphasis added). Allstate denied Glorya Eaquinta's claim on the ground that Nicholas Eaquinta was not an insured person covered by the UIM provision of the insurance policy because he was not named in the

---

1. When reviewing a summary judgment determination, we recite and view the relevant facts in the light most favorable to the nonmoving party below. *Anderson Dev. Co. v. Tobias,* 2005 UT 36, ¶ 31, 116 P.3d 323.

policy or as a member of Glorya Eaquinta's household.

¶ 4 Glorya Eaquinta subsequently brought this action against Allstate. She conceded to the district court that she was not entitled to UIM benefits under the language of her policy, but argued that the policy was preempted by the statutory requirements contained in the Utah Insurance Code. Allstate made a motion for summary judgment claiming that the Utah Insurance Code does not require insurers to cover the type of loss sustained by Glorya Eaquinta. The district court granted Allstate's motion. The court held that the language of Glorya Eaquinta's policy did not provide coverage for her son's accident and that Utah's Insurance Code does not require UIM coverage for the death of an adult relative who was not occupying the named insured's vehicle or residing in the named insured's household.[2] This appeal followed. We have jurisdiction pursuant to Utah Code section 78-2-2(3)(j)(2002).

## STANDARD OF REVIEW

¶ 5 Glorya Eaquinta admits that she is not entitled to UIM benefits under the terms of her Allstate insurance policy, which expressly limits her recovery to instances where an insured person sustains injuries. She argues, however, that this restrictive language is preempted by the requirements contained in the Utah Insurance Code. Therefore, the question of whether Glorya Eaquinta is entitled to recover under the UIM provision of her policy is a matter of statutory interpretation, a question of law, which we review for

2. The district court also concluded that Glorya Eaquinta was statutorily barred from collecting UIM benefits under her Allstate policy. Although it is unclear, this conclusion appears to be based on the anti-stacking provision of the UM/UIM statute, Utah Code Ann. § 31A-22-305(10)(a)(i) (2003). On appeal, Allstate argues that Glorya Eaquinta is statutorily barred from collecting UIM benefits from Allstate because the anti-stacking provision prohibits her from "stacking" the UIM benefits she recovered under other insurance policies with any other motor vehicle insurance policy. Because our decision that Glorya Eaquinta is not entitled to recover UIM benefits from Allstate is dispositive, we do not address Allstate's anti-stacking argument. *See*

correctness. *State Farm Mut. Auto. Ins. Co. v. Green*, 2003 UT 48, ¶ 44, 89 P.3d 97.

## ANALYSIS

¶ 6 There is only one issue presented on appeal: Does Utah's Insurance Code mandate that Allstate provide UIM coverage to Glorya Eaquinta for the wrongful death of her son, when her son was not named in her insurance policy and did not reside in her household, and where no car insured by Glorya Eaquinta was involved in the accident? We conclude that it does not.

 ¶ 7 Utah's Insurance Code requires all liability insurance policies written in the State of Utah to include certain types of insurance coverage. *See* Utah Code Ann. § 31A-22-302 (2003). An insurance policy that does not comply with this requirement is invalid, and the required coverage will be read into the insurance policy. *Neel v. State*, 889 P.2d 922, 926 (Utah 1995).

 ¶ 8 On appeal, Glorya Eaquinta takes the position that her vehicle insurance policy, which limits UIM benefits to situations where an insured person has sustained a bodily injury, is preempted by the statutory requirements pronounced in the "Uninsured and underinsured motorist" statute ("UM/UIM statute"), Utah Code Ann. § 31A-22-305 (2001),[3] of the Utah Insurance Code. In taking this position Glorya Eaquinta siezes upon the language contained in subsection 9(a) of the UM/UIM statute, which states that "[u]nderinsured motorist coverage [as required under section 31A-22-302(1)(b) of the Utah Insurance Code] provides coverage for covered persons [4] who

*Alliant Techsystems, Inc. v. Salt Lake County Bd. of Equalization*, 2005 UT 16, ¶ 25, 110 P.3d 691.

3. For the purposes of this case, all citations to Utah Code section 31A-22-305 refer to the version of the statute that was effective on the date of Nicholas Eaquinta's death, February 14, 2003.

4. A "covered person" includes
 (a) the named insured;
 (b) persons related to the named insured by blood, marriage, adoption, or guardianship, who are residents of the named insured's household, including those who usually make their home in the same household but temporarily live elsewhere;

are legally entitled to recover damages from owners or operators of underinsured motor vehicles because of bodily injury, sickness, disease, or *death.*" *Id.* § 31A–22–305(9)(a) (emphasis added). Glorya Eaquinta argues that this language unambiguously requires automobile insurance companies to provide coverage in cases such as hers. We disagree.

■ ¶ 9 Though Glorya Eaquinta's interpretation has logical appeal when we view the language of subsection 9(a) in isolation, the canons of statutory construction mandate that we do not read particular statutory language in isolation and that we instead construe that language in light of the legislature's general purpose as reflected by the statute as a whole. *Lieber v. ITT Hartford Ins. Ctr., Inc.,* 2000 UT 90, ¶ 9, 15 P.3d 1030 ("[A] statute should be construed as a whole, with all of its provisions construed to be harmonious with each other." (internal quotation marks omitted)).

¶ 10 When viewed in isolation, the language of subsection 9(a) is reasonably susceptible to two interpretations. On the one hand, because the language does not expressly limit UIM coverage to situations where a covered person sustains bodily injury, it could be interpreted to require UIM coverage in all situations where there is a covered person who is legally entitled to recover damages for another's injuries sustained at the hands of an underinsured motorist.[5] On the other hand, the "bodily injury, sickness, disease, or death" language could reasonably be interpreted to refer to bodily injury, sickness, disease, or death sustained by a covered person under the relevant policy.[6]

(c) any person occupying or using a motor vehicle referred to in the policy or owned by a self-insurer; and

(d) any person who is entitled to recover damages against the owner or operator of the uninsured or underinsured motor vehicle because of bodily injury to or death of persons under Subsection (1)(a), (b), or (c).

Utah Code Ann. § 31A–22–305(1) (2001).

Both parties agree that Glorya Eaquinta was a covered person and that Nicholas Eaquinta was not a covered person under the Allstate insurance policy.

**5.** A minority of courts have adopted this interpretation. *See Gordon v. Atlanta Cas. Co.,* 279 Ga. 148, 611 S.E.2d 24, 25–26 (Ga.2005); *Hinners v. Pekin Ins. Co.,* 431 N.W.2d 345, 347 (Iowa 1988); *Butterfield v. Norfolk & Dedham Mut. Fire Ins. Co.,* 860 A.2d 861, 862 (Me.2004); *Forbes v. Harleysville Mut. Ins. Co.,* 322 Md. 689, 589 A.2d 944, 949 (1991) *superseded by statute as stated in Nationwide Mut. Ins. Co. v. Johnson,* 159 Md. App. 345, 859 A.2d 279, 284 (2004); *State Farm Mut. Auto. Ins. Co. v. Selders,* 187 Neb. 342, 190 N.W.2d 789, 792 (1971) *superseded by Neb.Rev. Stat.* § 44–6408 (2004); *Sexton v. State Farm Mut. Auto. Ins. Co.,* 69 Ohio St.2d 431, 433 N.E.2d 555, 558–59 (1982) *superseded by statute as stated in Johnson v. Am. Family Ins.,* 160 Ohio App.3d 392, 827 N.E.2d 403, 406 (2005); *see also Gloe v. Iowa Mut. Ins. Co.,* 694 N.W.2d 238, 247 (S.D.2005) (listing states adopting the minority interpretation).

Interestingly, of the six jurisdictions that have interpreted their statute as requiring UIM coverage, at least three of the respective legislatures have amended their statutes to disallow such coverage. *See Gloe,* 694 N.W.2d at 247 ("[I]n reaction to this minority interpretation, [Ohio, Maryland, and Nebraska's] respective legislatures corrected each court's interpretation and clarified that [UIM] coverage was not intended.").

**6.** The vast majority of courts have interpreted their respective UM/UIM statutes as only mandating coverage if an insured person sustains bodily injuries. *See Valiant Ins. Co. v. Webster,* 567 So.2d 408, 411 (Fla.1990); *Gloe,* 694 N.W.2d at 247; *London v. Farmers Ins. Co.,* 63 P.3d 552, 555 (Okla.Civ.App.2002); *See, e.g., Delancey v. State Farm Mut. Auto. Ins. Co.,* 918 F.2d 491, 495 (5th Cir.1990) (interpreting Mississippi statute as not compelling coverage for a person who is not an insured under the terms of the policy); *State Farm Mut. Ins. Co. v. Wainscott,* 439 F.Supp. 840, 844 (D.Alaska 1977) (holding that a UM/UIM statute does not compel coverage for a person who is not an insured under the terms of the policy); *Bartning v. State Farm Fire & Cas.,* 164 Ariz. 370, 793 P.2d 127, 129 (Ariz.Ct. App.1990) (same); *Smith v. Royal Ins. Co.,* 186 Cal.App.3d 239, 243, 230 Cal.Rptr. 495 (1986) (same); *Farmers Ins. Exch. v. Chacon,* 939 P.2d 517, 522 (Colo.Ct.App.1997) (same); *Temple v. Travelers Indem. Co.,* 2000 Del.Super. LEXIS 439 at *19, 2000 WL 33113814 at *5 (same); *Valiant,* 567 So.2d at 411 (same); *State Farm Mut. Auto. Ins. Co. v. George,* 326 Ill.App.3d 1065, 261 Ill. Dec. 236, 762 N.E.2d 1163, 1165–66 (2002) (same); *Spurlock v. Prudential Ins. Co.,* 448 So.2d 218, 219 (La.App.1984) (same); *Gillespie v. S. Farm Bureau Cas. Ins. Co.,* 343 So.2d 467, 470–71 (Miss.1977) (same); *Livingston v. Omaha Property & Cas. Ins. Co.,* 927 S.W.2d 444, 446 (Mo.Ct.App.1996) (same); *Allstate Ins. Co. v. Hammonds,* 72 Wash.App. 664, 865 P.2d 560, 564 (1994)(same); *Ledman v. State Farm Mut. Auto. Ins. Co.,* 230 Wis.2d 56, 601 N.W.2d 312,

¶ 11 Only the latter interpretation, however, is supported by the language of the UM/UIM statute when that statute is viewed in its entirety. The meaning intended by the language of subsection 9(a) is clarified by other subsections of the UM/UIM statute. Specifically, subsection 10(a) of the UM/UIM statute, as it existed at the time of the accident in question stated, in pertinent part,

> Underinsured motorist coverage under this section applies to bodily injury, sickness, disease, or death of an insured while occupying or using a motor vehicle owned by, furnished, or available for the regular use of the insured, a resident spouse, or resident relative of the insured, only if the motor vehicle is described in the policy under which a claim is made, or if the motor vehicle is a newly acquired or replacement vehicle covered under the terms of the policy.

Utah Code Ann. § 31A–22–305(10)(a) (emphasis added). From this language, it is apparent that the legislature did not intend to require automobile insurance companies to provide UIM coverage to insureds in situations where a third party, not covered by the applicable insurance policy, is injured or killed.[7]

¶ 12 This construction of the UM/UIM statute is in harmony with the vast majority of jurisdictions that have interpreted language similar or identical to the language contained in subsection 9(a). *See supra* n. 5.

■ ¶ 13 Furthermore, although it is unnecessary for us to consider public policy considerations to discern the meaning of the UM/UIM statute, *see Carlie v. Morgan,* 922 P.2d 1, 4 (Utah 1996), we note that such considerations also weigh heavily in favor of our interpretation of the UM/UIM statute.

An interpretation that would allow an insured to recover UIM benefits under her insurance policy for the death of a third party who is not covered under that policy would impose an unfair risk on insurance companies without the attendant consideration in the form of a premium and, possibly, increase the cost of insurance for all consumers. Such an interpretation would mandate an insurance company to provide UIM coverage to a wrongful death beneficiary simply because that beneficiary has an automobile insurance policy and the decedent happens to be a relative for which the beneficiary is legally entitled to maintain a wrongful death action. To judicially extend UIM coverage to include members of the family who are not residing with the insured would, in effect, require automobile insurance companies to insure any lineal descendant from whom an insured may inherit for hazards associated with the operation of vehicles. *Livingston v. Omaha Prop. & Cas. Ins. Co.,* 927 S.W.2d 444, 446 (Mo.Ct.App.1996). If the legislature had intended such a momentous expansion of UIM coverage, it would have made that intent explicit in the UM/UIM statute. Instead we conclude that the intended purpose of the UM/UIM statute was to require UIM coverage only in instances where a person covered by the relevant insurance policy sustains bodily injury, sickness, disease, or death.

## CONCLUSION

¶ 14 The district court did not err when it concluded that Glorya Eaquinta was not entitled to UIM benefits under her Allstate insurance policy for the death of her son. The terms of Glorya Eaquinta's policy limit her UIM coverage to situations where the in-

---

316–17 (1999) (interpreting insurance policy that tracked statutory language as not compelling UIM coverage); see also 74 Am.Jur.2d *Automobile Ins.* § 314 (stating that "insured relatives of a decedent may not recover on their uninsured motorist policy for the wrongful death of the decedent ... where the decedent herself was not insured under the policy."); Couch on Insurance 3D § 171:7 ("[A]n insured cannot recover under the [UM] clause of an automobile policy for the wrongful death of a relative, since the surviving insured suffered no bodily injury or wrongful death.... [I]nsured relatives of a decedent could

not recover on their [UM] policy for wrongful death of the decedent killed in an automobile collision where the decedent ... was not an insured under the policy; [UM] coverage would be triggered only by the death of the insured, and ... not ... by virtue of the insured's statutory right to seek wrongful death damages on behalf of someone not insured under the policy.").

7. This interpretation does not prevent parties from contracting to include UIM coverage for the injuries sustained by relatives who are not residing with the insured.

sured sustains bodily injuries. The policy's restrictive language is consistent with the statutory requirements contained in Utah's UM/UIM statute. We therefore affirm.

¶ 15 Chief Justice DURHAM, Associate Chief Justice WILKINS, Justice PARRISH, and Justice NEHRING concur in Justice DURRANT'S opinion.