2009 UT App 22

**William HUCKINS, Petitioner and Appellee,**

v.

**Nannette ROLFE, Bureau Chief, Driver Control Bureau, Driver License Division, Department of Public Safety, Respondent and Appellant.**

**No. 20080108–CA.**

Court of Appeals of Utah.

Jan. 29, 2009.

---

2. Rule 17(d) also provides that "[n]o jury shall be allowed in the trial of an infraction." Utah R.Crim. P. 17(d).

Mark L. Shurtleff. atty. gen., and Brent A. Burnett, asst. atty. gen., Salt Lake City, for Appellant.

Jason A. Schatz, Salt Lake City, for Appellee.

Before THORNE, Associate P.J., DAVIS, J., and BILLINGS, Senior Judge.[1]

## OPINION

THORNE, Associate Presiding Judge:

¶ 1 The Driver Control Bureau of the Driver License Division, Department of Public Safety (the Division), through its bureau chief, Nannette Rolfe, appeals from the district court's reinstatement of William Huckins's driver license after it was revoked pursuant to Utah Code sections 41–6a–520 and –521, see Utah Code Ann. §§ 41–6a–520, –521 (Supp.2008). We reverse the district court's reinstatement order.

## BACKGROUND

¶ 2 Huckins was arrested for driving under the influence of alcohol on July 18, 2007, in Salt Lake City. The arresting officer requested that Huckins submit to a chemical test to determine his blood alcohol level, but Huckins refused to submit to the test. Huckins's refusal triggered administrative driver license revocation proceedings by the Division.

¶ 3 Huckins sought a hearing, which the Division held on August 14, 2007. Following the hearing, the Division issued an order revoking Huckins's driver license for eighteen months pursuant to Utah Code section 41–6a–521, see id. § 41–6a–521, due to his refusal to submit to a chemical test. Huckins then filed a petition for judicial review as allowed by statute.

¶ 4 At a December 10, 2007 bench trial before the district court, Huckins made an oral motion that his driver license be reinstated on the grounds that no criminal charges had ever been filed against him. Huckins argued that Utah Code section 53–3–223(7)(b)(ii)'s provision that the Division "shall immediately reinstate a person's license" upon the dismissal of criminal charges for operating a motor vehicle while under the influence of alcohol or drugs, see Utah Code Ann. § 53–3–223(7)(b)(ii) (2007),[2] applied to his license revocation for failure to submit to a chemical test. Because authorities had never charged him criminally at all, Huckins argued that he was entitled to immediate reinstatement of his driver license pursuant to section 53–3–223(7)(b)(ii). The district court agreed with Huckins and, on January 2, 2008, entered its findings of fact, conclusions of law, and order reinstating Huckins's driving privileges. The Division appeals from the district court's reinstatement order.

## ISSUE AND STANDARD OF REVIEW

¶ 5 The Division argues that the district court erred by applying the reinstatement provisions of Utah Code section 53–3–223(7)(b) to Huckins's driver license revoca-

---

1. Judge Billings participated in this case prior to her retirement December 31, 2008, and completed her participation and voting as a duly appointed Senior Judge.

2. As the Division states in its brief, the legislature has amended Utah Code section 53–3–223(7)(b)

since the date of Huckins's revocation. See Utah Code Ann. § 53–3–223(7)(b) (Supp.2008). However, we rely solely on the plain language of the statute in effect at the time of Huckins's revocation to reach today's result.

tion for failure to submit to a chemical test under sections 41–6a–520 and –521. "We review questions of statutory interpretation for correctness, giving no deference to the district court's interpretation." *Board of Educ. v. Sandy City Corp.*, 2004 UT 37, ¶ 8, 94 P.3d 234.

## ANALYSIS

¶ 6 The district court's decision below, as well as the Division's appeal, implicates two separate and distinct statutory schemes. We are called on to decide whether the driver license reinstatement provisions contained in Utah Code section 53–3–223, governing license suspensions for impaired driving, are applicable to driver license revocations imposed under Utah Code sections 41–6a–520 and –521 for failure to submit to chemical testing. We determine that the reinstatement provisions are not applicable, and we therefore reverse the district court's order reinstating Huckins's driver license.

¶ 7 Huckins's driver license was revoked pursuant to Utah Code sections 41–6a–520 and –521, which require the submission to chemical tests under certain circumstances and prescribe the consequences of refusing to submit. Generally, a person is deemed to have given implied consent to a chemical test or tests to determine possible violation of Utah's statutes pertaining to chemically impaired driving, including Utah Code sections 41–6a–502 and 41–6a–517.[3] *See* Utah Code Ann. § 41–6a–520(1)(a) (Supp.2008). Such tests are administered at the direction of a peace officer when the officer has grounds to believe that a driver has operated a motor vehicle in violation of the enumerated statutes, *see id.* § 41–6a–520(1)(b), and only after the administration of certain warnings pertaining to the potential consequences of failing or refusing the test, *see id.* § 41–6a–520(2)(a). Upon the Division's determination that a person has refused to submit to a properly requested test under section 41–6a–520, the Division is required to revoke the person's driver license for a period of eigh-

teen months, or twenty-four months for a repeat offense within a ten-year period. *See id.* § 41–6a–521(5)(a). Section 41–6a–521 contains no provisions for reinstatement of a person's driver license before the expiration of the mandated revocation periods. *See id.* § 41–6a–521.

¶ 8 By contrast, the driver license suspension provisions of Utah Code section 53–3–223 are triggered by a person's apparent violation of Utah Code sections 41–6a–502 or 41–6a–517, prohibiting chemically impaired driving, without regard to whether a person submits to a requested chemical test. *See* Utah Code Ann. § 53–3–223 (2007). Subsection (7)(a) of section 53–3–223 requires the Division to suspend a person's driver license for ninety days, or one year for repeat offenses within a ten-year period, when the Division determines after a hearing that a peace officer had reasonable grounds to believe that the person was driving in violation of sections 41–6a–502 or 41–6a–517. *See id.* § 53–3–223(7)(a). Subsection (7)(b) then provides:

(i) Notwithstanding the provisions in Subsection (7)(a)(i), the [D]ivision shall reinstate a person's license prior to completion of the 90 day suspension period imposed under Subsection (7)(a)(i) if the person's charge for a violation of Section 41–6a–502 or 41–6a–517 is reduced or dismissed prior to completion of the suspension period.

(ii) The [D]ivision shall immediately reinstate a person's license upon receiving written verification of the person's dismissal of a charge for a violation of Section 41–6a–502 or 41–6a–517.

(iii) The [D]ivision shall reinstate a person's license no sooner than 60 days beginning on the 30th day after the date of arrest upon receiving written verification of the person's reduction of a charge for a violation of Section 41–6a–502 or 41–6a–517.

(iv) If a person's license is reinstated under this Subsection (7)(b), the person is required to pay the license reinstatement

---

3. Utah Code section 41–6a–502 prohibits driving while under the influence of alcohol, drugs, or a combination of alcohol and drugs. *See* Utah Code Ann. § 41–6a–502 (2005). Utah Code sec-

tion 41–6a–517 prohibits driving with any measurable amount of a controlled substance in a person's body. *See id.* § 41–6a–517 (Supp.2008).

fees under Subsections 53–3–105(29) and (30).

*Id.* § 53–3–223(7)(b).

¶ 9 Huckins urges on appeal, and the district court agreed, that the immediate reinstatement language of section 53–3–223(7)(b)(ii) is applicable to *all* suspensions and revocations imposed by the Division, including revocations for failing to submit to a chemical test. However, "we do not read particular statutory language in isolation and . . . instead construe that language in light of the legislature's general purpose as reflected by the statute as a whole." *Eaquinta v. Allstate Ins. Co.,* 2005 UT 78, ¶ 9, 125 P.3d 901. Taken as a whole, section 53–3–223 provides for early reinstatement only for ninety-day suspensions pursuant to subsection (7)(a)(i) and not for one-year suspensions under subsection (7)(a)(ii) or for revocations under section 41–6a–521 or any other statute.

¶ 10 The clearest indicia that reinstatement is available only for ninety-day suspensions under subsection (7)(a)(i) is the plain language of subsection (7)(b)(i), which states:

> Notwithstanding the provisions *in Subsection (7)(a)(i),* the [D]ivision shall reinstate a person's license prior to completion *of the [ninety-]day suspension period imposed under Subsection (7)(a)(i)* if the person's charge for a violation of Section 41–6a–502 or 41–6a–517 is reduced or dismissed prior to completion of the suspension period.

Utah Code Ann. § 53–3–223(7)(b)(i) (emphasis added). While this language is dispositive of the issue standing alone, we also note that the structure of the remainder of subsection (7)(b) is consistent with this interpretation. Subsection (7)(b)(i) recognizes two circumstances under which a ninety-day suspension may be terminated—the dismissal or reduction of criminal charges under sections 41–6a–502 or 41–6a–517. Subsections (7)(b)(ii) and (7)(b)(iii) then proceed to address each of those circumstances, with (7)(b)(ii) providing for immediate reinstatement upon the dismissal of charges and (7)(b)(iii) providing for a sixty-day suspension when charges are merely reduced. We further note that neither section 53–3–223 nor section 41–6a–521 contains any cross-reference that would indicate a possible application in other situations.

¶ 11 In short, we see no indication whatsoever that the legislature intended section 53–3–223's reinstatement provisions to apply to driver license revocations for refusal to submit to a chemical test pursuant to Utah Code sections 41–6a–520 and –521. Huckins's argument would require us to read section 53–3–223(7)(b)(ii) in isolation not only from the statute as a whole but also from the immediately preceding introductory subsection (7)(b)(i). We do not interpret statutes in this way and accordingly reject Huckins's interpretation of section 53–3–223. *See Eaquinta,* 2005 UT 78, ¶ 9, 125 P.3d 901 (noting that a party's "interpretation has logical appeal when we view the language of [a] subsection . . . in isolation," but nevertheless interpreting the statute as a whole).

## CONCLUSION

¶ 12 The district court erred when it applied the reinstatement provisions of Utah Code section 53–3–223(7)(b) to the revocation of Huckins's driver license for failure to submit to a chemical test under sections 41–6a–520 and –521. Accordingly, we reverse the district court's order reinstating Huckins's driver license and remand this matter for further proceedings in the district court.

¶ 13 WE CONCUR: JAMES Z. DAVIS, Judge and JUDITH M. BILLINGS, Senior Judge.

