# COURT OF APPEALS OF WISCONSIN
## PUBLISHED OPINION

Case No.:            2019AP1320

†Petition for Review Filed

Complete Title of Case:

ELLIOT BREY AND ESTATE OF RYAN B. JOHNSON,

   PLAINTIFFS-APPELLANTS,

      V.

STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY,

   DEFENDANT-RESPONDENT,†

CHANNING H. MATHEWS, CRAIG A. MATHEWS
AND SENTRY INSURANCE, A MUTUAL COMPANY,

   DEFENDANTS.

---

| | |
|---|---|
| Opinion Filed: | June 25, 2020 |
| Submitted on Briefs: | January 22, 2020 |

---

| | |
|---|---|
| JUDGES: | Fitzpatrick, P.J., Blanchard, and Kloppenburg, JJ. |

---

| | |
|---|---|
| Appellant ATTORNEYS: | On behalf of the plaintiffs-appellants, the cause was submitted on the briefs of *James G. Curtis* and *Garett T. Pankratz* of *Hale, Skemp, Hanson, Skemp & Sleik*, La Crosse. |
| Respondent ATTORNEYS: | On behalf of the defendant-respondent, the cause was submitted on the brief of *Andrew J. Hebl* and *Kathryn A. Pfefferle* of *Boardman & Clark LLP*, Madison. |

COURT OF APPEALS
DECISION
DATED AND FILED

June 25, 2020

Sheila T. Reiff
Clerk of Court of Appeals

**NOTICE**

This opinion is subject to further editing. If published, the official version will appear in the bound volume of the Official Reports.

A party may file with the Supreme Court a petition to review an adverse decision by the Court of Appeals. *See* WIS. STAT. § 808.10 and RULE 809.62.

Appeal No. **2019AP1320**

Cir. Ct. No. **2015CV223**

STATE OF WISCONSIN

IN COURT OF APPEALS

---

ELLIOT BREY AND ESTATE OF RYAN B. JOHNSON,

    PLAINTIFFS-APPELLANTS,

  V.

STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY,

    DEFENDANT-RESPONDENT,

CHANNING H. MATHEWS, CRAIG A. MATHEWS
AND SENTRY INSURANCE, A MUTUAL COMPANY,

    DEFENDANTS.

---

       APPEAL from an order of the circuit court for Monroe County: RICHARD A. RADCLIFFE, Judge. *Reversed and cause remanded for further proceedings.*

       Before Fitzpatrick, P.J., Blanchard, and Kloppenburg, JJ.

¶1 FITZPATRICK, P.J. Elliot Brey brought suit in the Monroe County Circuit Court against State Farm Mutual Automobile Insurance Company seeking to recover underinsured motorist benefits based on the death of Elliot's father, Ryan Johnson, who died from injuries sustained in a motor vehicle accident.[1] Elliot is an insured under the State Farm policy, but Johnson was not. Elliot and State Farm agree that a provision of the State Farm policy requires that *an insured* suffer "bodily injury" for there to be UIM coverage,[2] and they also agree that while Johnson suffered "bodily injury" as defined in the State Farm policy, Elliot did not. As a result, Elliot and State Farm also agree that the State Farm UIM insured requirement bars UIM coverage for Elliot's claims. Nonetheless, Elliot argues that his UIM claim against State Farm does not fail because, pursuant to WIS. STAT. § 632.32(1) and (2)(d) (2017-18),[3] the UIM insured requirement in the State Farm policy is void and unenforceable.

¶2 The circuit court disagreed with Elliot's argument and granted summary judgment to State Farm dismissing Elliot's UIM claim. We conclude that

---

[1] Consistent with the briefing of the parties, we will refer to underinsured motorist coverage as "UIM coverage." For ease of reading, we will refer to Elliot Brey as "Elliot" and the respondent as "State Farm."

[2] For ease of reading, we will sometimes refer to this provision in the State Farm policy as the "UIM insured requirement."

[3] All references to the Wisconsin Statutes are to the 2017-18 version unless otherwise noted.

WISCONSIN STAT. § 632.32(1) states: "Except as otherwise provided, this section applies to every policy of insurance issued or delivered in this state against the insured's liability for loss or damage resulting from accident caused by any motor vehicle, whether the loss or damage is to property or to a person."

WISCONSIN STAT. § 632.32(2)(d) states: "'Underinsured motorist coverage' means coverage for the protection of persons insured under that coverage who are legally entitled to recover damages for bodily injury, death, sickness, or disease from owners or operators of underinsured motor vehicles."

the UIM insured requirement which bars Elliot's UIM claim is void and unenforceable pursuant to the operation of WIS. STAT. § 632.32(1) and (2)(d). Those statutory subparts do not allow for a UIM policy provision which demands that bodily injury must be sustained by an insured for there to be UIM coverage. Accordingly, we reverse the order of summary judgment and remand this matter to the circuit court with directions to grant summary judgment in favor of Elliot on the question of UIM coverage.

## BACKGROUND

¶3 There is no dispute regarding the following material facts.

¶4 Ryan Johnson was the passenger in a vehicle driven by Channing Mathews which was involved in an accident. Johnson sustained fatal injuries in that accident. Johnson is survived by his minor child, Elliot.

¶5 At the time of Johnson's death, Elliot lived with his mother, Hannah Brey. Hannah is a named insured under the automobile liability policy issued by State Farm, and that policy includes UIM coverage.

¶6 The State Farm policy provides, in pertinent part, the following with regard to UIM coverage:

> ***We*** will pay compensatory damages for ***bodily injury*** an ***insured*** is legally entitled to recover from the owner or driver of an ***underinsured motor vehicle***. The ***bodily injury*** must be:
>
> 1. sustained by an ***insured***; and
>
> 2. caused by an accident that involves the ownership, maintenance, or use of an ***underinsured motor vehicle*** as a motor vehicle.

¶7    As stated, Elliot is an insured under the State Farm policy for purposes of UIM coverage. Johnson was not an insured under the policy. Also germane to State Farm's UIM policy provision, Elliot and State Farm do not dispute that: the accident that caused Johnson's death involved the use of a motor vehicle; the vehicle Channing was driving at the time of the accident was an "underinsured motor vehicle" as defined in the State Farm policy; and only Johnson sustained "bodily injury" as defined in in the State Farm policy. Based on those undisputed facts, the sole policy language impediment to Elliot's UIM claim is the requirement in the State Farm UIM provision that the "bodily injury must be … sustained by an insured."

¶8    Elliot filed a complaint against State Farm seeking to recover, under the State Farm policy's UIM provision, damages Elliot sustained as a result of Johnson's wrongful death.[4] *See* WIS. STAT. § 895.04 (authorizing wrongful death actions). In that complaint, Elliot alleged that Channing negligently operated the motor vehicle, Channing's negligence was a cause of Johnson's death, and Elliot suffered a loss of monetary support from Johnson as a result of Johnson's death. Elliot further alleged that the State Farm policy provides UIM coverage for Elliot's underinsured losses.

---

[4] This action was commenced with a complaint filed by Johnson's parents, Paul and Annette Johnson, against Channing Mathews, Craig Mathews (who owned the vehicle that was involved in the accident), and their individual insurers. The Johnsons sought to recover damages for Channing's alleged negligence in operating the motor vehicle at the time of the accident. The circuit court granted Elliot's motion to intervene in the Johnsons' action and concluded that any wrongful death recovery belongs to Elliot and not the Johnsons. The Johnsons were later dismissed as plaintiffs in the action, and the Johnsons play no part in this appeal.

In addition to Elliot's claim against State Farm, Elliot and the Estate of Ryan Johnson filed suit against Channing Mathews and Mathews' liability insurer, Sentry Insurance Company. Those claims against Mathews and Sentry Insurance are not at issue in this appeal.

¶9 State Farm requested that that issues concerning coverage be bifurcated from issues of liability and damages. The circuit court granted State Farm's motion and stayed proceedings on issues of liability and damages.

¶10 State Farm and Elliot each filed a motion for summary judgment on the issue of UIM coverage for Elliot's claims. The circuit court concluded that the State Farm policy does not provide UIM coverage for Elliot's claims, granted summary judgment in favor of State Farm, and denied Elliot's motion for summary judgment. Elliot appeals.

## DISCUSSION

¶11 We now summarize our standard of review, summary judgment methodology, and the principles that govern the interpretation of statutes. We then analyze the requirements of WIS. STAT. § 632.32(1), apply a plain language interpretation to § 632.32(2)(d), and explain why we reject State Farm's arguments.

### I. Standard of Review, Summary Judgment Methodology, and Interpretation of Statutes.

¶12 This court reviews a grant of summary judgment de novo, using the same methodology employed by the circuit court. *Bank of N.Y. Mellon v. Klomsten*, 2018 WI App 25, ¶31, 381 Wis. 2d 218, 911 N.W.2d 364. Summary judgment is proper, and the moving party is entitled to judgment as a matter of law, "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." WIS. STAT. § 802.08(2); *see Bank of N.Y. Mellon*, 381 Wis. 2d 218, ¶31. In this case, because there are no disputed material facts, we must determine which party

5

is entitled to judgment as a matter of law. Sec. 802.08(2); ***Town of Grant v. Portage Cty.***, 2017 WI App 69, ¶12, 378 Wis. 2d 289, 903 N.W.2d 152.

¶13 This appeal requires us to interpret a statute. The interpretation of a statute is a question of law that we determine independently of the decision of the circuit court. ***Pasko v. City of Milwaukee***, 2002 WI 33, ¶23, 252 Wis. 2d 1, 643 N.W.2d 72. "[T]he purpose of statutory interpretation is to determine what the statute means so that it may be given its full, proper, and intended effect." ***State ex rel. Kalal v. Circuit Court for Dane Cty.***, 2004 WI 58, ¶44, 271 Wis. 2d 633, 681 N.W.2d 110. "We assume that the legislature's intent is expressed in the statutory language." ***Id.*** Accordingly, "statutory interpretation 'begins with the language of the statute.'" ***Id.***, ¶45 (quoted source omitted). "If the meaning of the statute is plain, we ordinarily stop the inquiry." ***Id.*** (quoted source omitted). Our supreme court further notes:

> Context is important to meaning. So, too, is the structure of the statute in which the operative language appears. Therefore, statutory language is interpreted in the context in which it is used; not in isolation but as part of a whole; in relation to the language of surrounding or closely-related statutes; and reasonably, to avoid absurd or unreasonable results.

***Id.***, ¶46. Statutory language is given its common, ordinary, and accepted meaning, except that technical or specially defined words are given their technical or special definitions. ***State v. Warbelton***, 2008 WI App 42, ¶13, 308 Wis. 2d 459, 747 N.W.2d 717; *see* WIS. STAT. § 990.01(1).

¶14 In addition, courts should not add words to, or subtract words from, a statute to give it a certain meaning. *See* ***State ex rel. Zignego v. Wisconsin Elections Comm'n***, 2020 WI App 17, ¶35, 391 Wis. 2d 441, 941 N.W.2d 284; *see also* ***Dawson v. Town of Jackson***, 2011 WI 77, ¶42, 336 Wis. 2d 318, 801 N.W.2d

316 (stating "[w]e decline to read into the statute words the legislature did not see fit to write").

## II. Analysis.

¶15 As noted, the parties agree that the pertinent terms of the State Farm policy bar UIM coverage for Elliot's wrongful death claim. This is solely because the UIM insured requirement restricts UIM coverage to instances in which there is bodily injury *and* an insured has sustained that bodily injury. Elliot does not comply with these requirements because Elliot, who is an insured under the State Farm policy, did not sustain bodily injury and Johnson, who did sustain bodily injury, was not an insured under the policy.

¶16 Elliot argues, however, that the State Farm policy's UIM coverage limitation to "insureds" who have sustained "bodily injury" is void and unenforceable pursuant to WIS. STAT. § 632.32(1) and (2)(d). We now consider whether the UIM insured requirement violates the requirements of § 632.32(1) and (2)(d) and, as a result, is void and unenforceable under the terms of those statutory subparts.[5]

### A. Requirements of WIS. STAT. § 632.32(1).

¶17 We begin our analysis by considering the requirements of WIS. STAT. § 632.32(1), which we now repeat: "Except as otherwise provided, this section applies to every policy of insurance issued or delivered in this state against the insured's liability for loss or damage resulting from accident caused by any motor

---

[5] Because the parties do not dispute the meaning of State Farm's UIM provision, we need not interpret it. *See State Farm Mut. Auto. Ins. Co. v. Hunt*, 2014 WI App 115, ¶13, 358 Wis. 2d 379, 856 N.W.2d 633.

vehicle, whether the loss or damage is to property or to a person." State Farm does not dispute that § 632.32(1) applies to the State Farm policy in light of the fact that the policy was issued in Wisconsin and concerns motor vehicle insurance. State Farm also does not dispute that, in providing UIM coverage, it is required to comply with the provisions of § 632.32.

¶18　"Every policy of auto insurance issued in Wisconsin must provide at least as much protection" as is required by the subparts of WIS. STAT. § 632.32. *Wegner v. Heritage Mut. Ins. Co.*, 173 Wis. 2d 118, 124, 496 N.W.2d 140 (Ct. App. 1992). Put another way, an insurance policy may not provide less coverage than is required by § 632.32, but the policy may expand the coverage required by that statute. *Trampf v. Prudential Prop. & Cas. Co.*, 199 Wis. 2d 380, 386, 544 N.W.2d 596 (Ct. App. 1996); *see State Farm Mut. Auto. Ins. Co. v. Hunt*, 2014 WI App. 115, ¶13, 358 Wis. 2d 379, 856 N.W.2d 633; *see also Stone v. Acuity*, 2008 WI 30, ¶32, 308 Wis. 2d 558, 747 N.W.2d 149 (stating that § 632.32 must be construed broadly so as to increase rather than limit coverage). For those reasons, any automobile insurance policy provision that causes the policy to provide less coverage than that required by § 632.32 is "void," "without effect" and "invalid." *See Trampf*, 199 Wis. 2d at 386-87.

¶19　We continue our analysis by applying a plain language interpretation of WIS. STAT. § 632.32(2)(d).

**B. Plain Language Interpretation of WIS. STAT. § 632.32(2)(d).**

¶20　WISCONSIN STAT. § 632.32(2)(d) is a subpart of § 632.32, which concerns UIM coverage. The purpose of UIM coverage is to put the insured in the same position he or she would have occupied had the tortfeasor's liability limits

been the same as the UIM limits purchased by the insured. ***Dowhower v. West Bend Mut. Ins. Co.***, 2000 WI 73, ¶18, 236 Wis. 2d 113, 613 N.W.2d 557.

¶21　The parties both contend that the language of WIS. STAT. § 632.32(2)(d) is not ambiguous, but each argues that it prevails under a plain language interpretation of that subpart. We agree with the parties that the language of § 632.32(2)(d) is not ambiguous. "[A] statute is ambiguous if it is capable of being understood by reasonably well-informed persons in two or more senses." ***Kalal***, 271 Wis. 2d 633, ¶47.

¶22　We repeat the pertinent terms of WIS. STAT. § 632.32(2)(d) for context: "'[u]nderinsured motorist coverage' means coverage for the protection of persons insured under that coverage who are legally entitled to recover damages for bodily injury [or] death … from owners or operators of underinsured motor vehicles." This is an unambiguous statement establishing that UIM coverage protects any person who meets three requirements: (1) the person who makes the UIM claim must be an insured under the UIM coverage of the policy; (2) that person must be legally entitled to recover damages for bodily injury or death; and (3) that person must be legally entitled to recover from an owner or operator of an underinsured motor vehicle. We see no language in § 632.32(2)(d) which allows an insurer to require that UIM coverage be limited to insureds who sustain bodily injury or death.

¶23　Nonetheless, State Farm argues that the "more reasonable reading" of WIS. STAT. § 632.32(2)(d) is to interpret its language as meaning that *an insured* must sustain bodily injury. State Farm asserts that "it is clear" that the phrase "bodily injury [or] death" in § 632.32(2)(d) modifies the subject of the immediately preceding phrase, "persons insured under that coverage who are legally entitled to

recover." State Farm does not explain why that language supports the result it seeks, and we conclude that State Farm's argument demands a leap unsupported by any reasonable interpretation of the language in § 632.32(2)(d). In other words, for State Farm's argument to be correct, the statute would have to read as follows, with added language bracketed and emphasized: "'Underinsured motorist coverage' means coverage for the protection of persons insured under that coverage who are legally entitled to recover damages for *[an insured's]* bodily injury [or] death … from owners or operators of underinsured motor vehicles." We are obliged to read the statute as written, without adding language to the statute that the legislature did not see fit to write. *See Zignego*, 391 Wis. 2d 441, ¶35; *Dawson*, 336 Wis. 2d 318, ¶42. Because State Farm's argument would require us to re-write that statutory subpart, we reject State Farm's interpretation of § 632.32(2)(d).

¶24     Rather, we agree with Elliot that the unambiguous language of WIS. STAT. § 632.32(2)(d) does not restrict UIM coverage to situations in which the policy's insured has sustained bodily injury. Section 632.32(1) and (2)(d) require that automobile liability insurance policies issued in Wisconsin which contain UIM coverage must provide that coverage to any insured who is entitled to recover for *any* bodily injury which may be recovered from the owner or operator of an underinsured motor vehicle. If the legislature had intended to limit UIM coverage to only situations in which the insured had sustained bodily injury, the legislature could have done so. But, it did not, and we will not re-write § 632.32(2)(d).

¶25     Accordingly, we conclude that the State Farm policy language limiting UIM coverage to those situations in which an insured has sustained bodily injury is void and unenforceable pursuant to WIS. STAT. § 632.32(1) and (2)(d). The UIM insured requirement of the State Farm policy is the only contractual hindrance

to Elliot's UIM coverage claim. With that policy provision unenforceable, it then follows that Elliot is eligible to recover UIM benefits under the State Farm policy.[6]

## C. State Farm's Remaining Arguments.

¶26 State Farm proffers unavailing arguments against our interpretation of WIS. STAT. § 632.32(2)(d) that are separate from those arguments concerning the plain language interpretation of that statutory subpart. We now discuss each argument.

### 1. Prior Case Law Does Not Govern.

¶27 First, State Farm contends that that our opinion in *Ledman v. State Farm Mutual Automobile Insurance Company*, 230 Wis. 2d 56, 601 N.W.2d 312 (Ct. App. 1999), governs our interpretation of the current version of WIS. STAT. § 632.32(2)(d), and adopting our interpretation of § 632.32(2)(d) would "abrogate" the holding of *Ledman*. *See State v. Lossman*, 118 Wis. 2d 526, 533, 348 N.W.2d 159 (1984) (stating that the court of appeals is bound by prior precedent in published opinions). We disagree that *Ledman* governs our analysis.

¶28 In *Ledman*, the insureds sought a declaration that they were entitled to uninsured motorist (UI) coverage for the death of their daughter, who was not an insured under the relevant insurance policy.[7] *Ledman*, 230 Wis. 2d at 59-60. This

---

[6] State Farm also asserts, in one substantive sentence, that WIS. STAT. § 632.32(5)(f) and (g) supports its reading of the statute. We reject this argument because, as Elliot points out, those statutory subparts do not identify or define the statutory requirements for a UIM claim. Also, the purported argument is conclusory and undeveloped. *See State v. Pettit*, 171 Wis. 2d 627, 646-47, 492 N.W.2d 633 (Ct. App. 1992) (stating we do not address insufficiently developed arguments).

[7] "Uninsured motorist coverage essentially substitutes for insurance that the tortfeasor should have had." *Nicholson v. Home Ins. Cos.*, 137 Wis. 2d 581, 592, 405 N.W.2d 327 (1987) (superseded by statute on other grounds).

court concluded that the policy, which explicitly limited coverage to situations in which an insured sustained bodily injury, did not provide coverage for the uninsured daughter's death under the policy's UI coverage provisions. *Id.* at 65-69.

¶29 The *Ledman* court was tasked with interpreting the terms of an insurance policy to determine whether the pertinent language provided coverage for the insureds' claim. The *Ledman* court did not analyze whether the policy provision, once properly construed, was made void by any statute, including the version of WIS. STAT. § 632.32 which was in effect over twenty years ago. Moreover, this court's analysis in *Ledman* did not consider the statute that we interpret.

¶30 Accordingly, we conclude that *Ledman* does not govern our analysis in the present case.

## 2. The Result is Not Absurd.

¶31 State Farm argues against our construction of WIS. STAT. § 632.32(2)(d) on the basis of absurdity. *See, e.g., Kalal*, 271 Wis. 2d 633, ¶46 (stating that we avoid statutory interpretations that lead to absurd results). More specifically, State Farm argues that it would be absurd to conclude that there is UIM coverage under the State Farm policy for Elliot's wrongful death claim for the following reasons: (1) there would be no UIM coverage for Johnson under the State Farm policy for Johnson's bodily injury had Johnson survived the auto accident because Johnson was not an insured under the State Farm policy; and (2) Elliot's UIM claim is "solely derivative of … Johnson's potential claim," so Elliot's UIM claim fails. We reject this argument for two reasons.

¶32     First, State Farm's argument is, in effect, that Elliot loses his status as an insured under the State Farm policy because Johnson was not an insured under that policy. State Farm's argument is based on the premise that Johnson would have no UIM claim against State Farm for his own bodily injury if he survived the accident, and that is because of the uncontested fact that Johnson was not an insured under that policy. But, the unremarkable conclusion in the immediately preceding sentence does not support an assertion that Elliot loses his status as an insured under the State Farm policy and does not lead to the conclusion that Elliot loses his contractual right to recover his loss of support from Johnson through the UIM claim against State Farm. State Farm's argument ignores its contractual obligation to Elliot as an insured under its policy. Elliot's mother purchased UIM insurance which included Elliot as a person insured by that provision. That Johnson is not an insured for UIM coverage in this policy from State Farm is meaningless and does not negate State Farm's contractual obligations to its insured, Elliot, in circumstances in which Elliot has complied with all enforceable terms of the UIM provisions of the policy.

¶33     Second, State Farm misstates the nature of Elliot's wrongful death claim. It is true that, but for the death of Johnson, Elliot would have no UIM claim under the State Farm policy. However, that does not mean that Elliot's UIM claim is "derivative" in the sense advanced by State Farm. "A wrongful death action is a cause of action for the benefit of certain designated classes of surviving relatives, enabling them by statute to recover *their own damages* caused by the wrongful death of the decedent." *Miller v. Luther*, 170 Wis. 2d 429, 435, 489 N.W.2d 651 (Ct. App. 1992) (emphasis added). Properly understood, then, Elliot has his own cause of action based on the wrongful death of Johnson, and it is not "derivative" in the way State Farm asserts.

13

¶34    For those reasons, we see no absurdity in Elliot recovering his personal damages as an insured under a liability policy purchased from, and pursuant to terms agreed to by, State Farm.

### 3. Our Decision Does Not "Unsettle" Case Law Concerning Policy Limits.

¶35    State Farm asserts that our interpretation of WIS. STAT. § 632.32(2)(d) will "upset well-settled law analyzing per person insurance policy limits for derivative claims." State Farm's argument is hard to follow but, as best we can tell, State Farm argues as follows: (1) Elliot's wrongful death claim is derived from Johnson's injury; and (2) Johnson was not an insured under the State Farm policy. State Farm appears to argue from those premises that Elliot has a UIM claim unconstrained by policy limits.

¶36    However, Elliot is an insured in his own right under the State Farm policy, and his wrongful death UIM claim remains subject to the policy limit for UIM claims set out in the State Farm policy. We see nothing in this situation that leads to a result adverse to Wisconsin law regarding policy limits.

### 4. Decisions From Other Jurisdictions Are Not Persuasive.

¶37    Finally, State Farm argues that decisions from other jurisdictions are persuasive evidence that our legislature did not intend WIS. STAT. § 632.32(2)(d) to mandate UIM coverage in situations in which the policy's insured has not sustained bodily injury. We reject State Farm's assertion.

¶38    The sole decision discussed by State Farm in briefing in this court is *Eaquinta v. Allstate Insurance Company*, 125 P.3d 901 (Utah 2005). That decision concluded that policy language restricting UIM coverage to instances in which an insured sustains bodily injury was consistent with the Utah statutory requirements.

*See id.* at 904-05. In *Eaquinta*, UIM coverage had a statutory definition nearly identical to WIS. STAT. § 632.32(2)(d): "Underinsured motorist coverage provides coverage for covered persons who are legally entitled to recover damages from owners or operators of underinsured motor vehicles because of bodily injury, sickness, disease, or death." *See* UTAH CODE ANN. § 31A-22-305(9)(a) (2001); *Eaquinta*, 125 P.3d at 904. However, the meaning of UIM coverage was further clarified by a separate statutory subsection. Section § 31A-22-305(10)(a) (2001) stated that UIM coverage "applies to bodily injury, sickness, disease, or death *of an insured while occupying or using a motor vehicle* …." *Eaquinta*, 125 P.3d at 905 (emphasis omitted and added). Based on the latter statutory provision, the *Eaquinta* court concluded that the relevant policy language was not inconsistent with the Utah statutory requirements. *Id.*

¶39 WISCONSIN STAT. § 632.32 does not contain statutory language limiting UIM coverage to injuries sustained by an insured. As a result, State Farm's reliance on *Eaquinta* is misplaced.

¶40 In a footnote in briefing in this court, State Farm lists citations to other decisions in an attempt to support its assertion that other jurisdictions have concluded that statutory provisions "analogous to … [WIS. STAT.] § 632.32(2)(d) do[] not mandate coverage for the damages arising from injuries to uninsured third parties." However, State Farm does not explain how the statutory provision in each of the cited decisions is analogous to the relevant Wisconsin statute or why we should look to those decisions for guidance. Therefore, we reject that undeveloped argument. *See State v. Pettit*, 171 Wis. 2d 627, 646-47, 492 N.W.2d 633 (Ct. App. 1992) (stating we do not address insufficiently developed arguments).

15

¶41   In short, State Farm gives us no reason to ignore the unambiguous language of the statute before us based on decisions from other jurisdictions, and we reject State Farm's invitation to do so.

## CONCLUSION

¶42   For the foregoing reasons, the order of the circuit court granting summary judgment to State Farm Mutual Automobile Insurance Company is reversed, and this matter is remanded to the circuit court with directions to enter summary judgment in favor of Elliot Brey against State Farm Mutual Automobile Insurance Company regarding coverage for underinsured motorist benefits and for further proceedings.

*By the Court.*—Order reversed and cause remanded for further proceedings.