STATE, Respondent, v. STOECKLE, Appellant.*

*No. State 76. Argued January 3, 1969.—Decided February 4, 1969.*
(Also reported in 164 N. W. 2d 303.)

* Motion for rehearing denied, without costs, on April 1, 1969.

For the appellant there was a brief and oral argument by *Daniel J. Weiss* of Milwaukee.

For the respondent the cause was argued by *Harold B. Jackson, Jr.,* assistant district attorney of Milwaukee county, with whom on the brief were *Bronson C. La Follette,* attorney general, and *David J. Cannon,* district attorney.

WILKIE, J.   The state concedes that the three cases were called by the magistrate on May 17, 1966, and the preliminary examination was set for June 20, 1966, and that neither the defendant nor his counsel was present at the time. The precise issue thus presented is whether sec. 954.05 (1), Stats., is an implementation of the constitutional right to speedy trial thus making a violation of the statute (such as is conceded here) a denial of speedy trial requiring dismissal of charges with prejudice to the state.

The right to a speedy trial is guaranteed by art. I, sec. 7 of the Wisconsin Constitution and the sixth and fourteenth amendments of the United States Constitution. Wisconsin recognizes the right to a dismissal with prejudice to the state if this right is violated, but such right accrues only after a defendant has taken affirmative steps to bring his case to trial.[4]

---

[4] *See State v. Reynolds* (1965), 28 Wis. 2d 350, 354, 137 N. W. 2d 14; *Hansen v. State* (1965), 26 Wis. 2d 238, 243, 131 N. W. 2d 837; *Kopacka v. State* (1964), 22 Wis. 2d 457, 460, 126 N. W. 2d. 78.

In *State v. Sawyer*,[5] this court stated:

"We are of the opinion that the defendant, as a condition precedent to requesting dismissal of the criminal charge pending against him on the ground that he has been denied his constitutional right of a speedy trial, must first have taken some affirmative action demanding that the case be brought on for trial. This the defendant in the instant case did not at any time do." [6]

Even if demand for speedy trial is properly made, a defendant may not be entitled to an immediate trial. In *State v. Carli* [7] this court noted that a defendant, even after proper demand, must wait until a regular term of the court having jurisdiction of the offense with which he is charged. The opinion also provided that the right to speedy trial is not infringed by continuances in the discretion of the presiding judge, unless such discretion is arbitrarily exercised.[8]

Also, it should be noted that the mere lapse of time does not, of itself, constitute a denial of speedy trial.[9] Here there was an admitted postponement of the preliminary examination for thirty-three days, contrary to the express provisions of sec. 954.05 (1), Stats., which provides:

"The magistrate may adjourn the examination from time to time, but not exceeding 10 days at one time without the consent of the defendant, and to any place in his county, and the defendant shall be committed in the meantime unless he is bailed."

[5] (1953), 263 Wis. 218, 56 N. W. 2d 811; dismissed, 346 U. S. 801, 74 Sup. Ct. 66, 98 L. Ed. 333.

[6] *Id.* at page 224.

[7] (1957), 2 Wis. 2d 429, 86 N. W. 2d 434, 87 N. W. 2d 830; certiorari denied, 357 U. S. 907, 78 Sup. Ct. 1151, 2 L. Ed. 2d 1157.

[8] *Id.* at page 439.

[9] *Kopacka v. State, supra,* footnote 4; *Commodore v. State* (1967), 33 Wis. 2d 373, 377, 147 N. W. 2d 283; *Johnson v. State* (1968), 39 Wis. 2d 415, 417, 159 N. W. 2d 48.

In construing this statute in *State ex rel. Klinkiewicz v. Duffy,*[10] this court held that a magistrate loses jurisdiction both of the subject matter and of the person of the accused if a preliminary examination is delayed for more than ten days without the consent of the defendant. We specifically held, however, that the state is not precluded from "initiating a new prosecution for the same offense absent the running of the statute of limitations." [11]

Defendant-appellant now contends that sec. 954.05 (1), Stats., implements the constitutional right to speedy trial and that therefore a violation of the statute is an abridgment of the right to speedy trial, thus requiring that the cases be dismissed with prejudice to the state. Appellant cites no authority in support of this theory.

It appears that the purpose of sec. 954.05 (1), Stats., is not necessarily to protect a defendant's right to a speedy trial, but rather to limit the period of time a person accused of crime must be detained or incarcerated on the basis of an arrest warrant alone. The statute simply requires that within a relatively short period of time after arrest, an accused has the right to have a magistrate determine whether there is sufficient probable cause to bind him over for trial. If the state delays the preliminary hearing beyond the statutory time limit without the defendant's consent, this court in *Klinkiewicz* held that the charge must be dismissed and the defendant released, although he may be recharged if the statute of limitations has not run.

Given the purpose of the statute, the remedy of dismissal without prejudice is proper. We think it significant that neither by statute nor case law does Wisconsin set any precise number of days for the beginning of a trial after a bindover. Why should the law require dismissal with prejudice for failure to hold a preliminary

[10] *Supra,* footnote 2.
[11] *Id.* at page 375.

examination in the required time and yet demand *no exact time period* for the conduct of the commencement of the trial itself? [12] Appellant's contention that this statute is an implementation of the constitutional right to speedy trial must fail.

The second issue presented by this appeal is whether a four-month delay in the circuit court's disposition of the defendant's petition for habeas corpus and the subsequent deprivation of appellate review in this court constitute a denial of the constitutional right to speedy trial.

Specifically, appellant points to the delay of almost four months which occurred while the writ of habeas corpus was being considered by the circuit court. Appellant applied for the writ on July 21, 1966, and a circuit court decision in the matter was not obtained until November 30, 1966, with notice to appellant and his attorney on December 6, 1966. His appeal to this court was not dismissed until February 10, 1967.

The delay occurring while the writ was pending before the circuit court was not a denial of speedy trial. The appellant chose, on his own motion, to wait with his preliminary examination while that petition was still pending in circuit court and while defendant sought appellate review of the circuit court's negative decision in this court.

Appellant argues that this court wrongfully refused to appoint counsel or grant leave to appeal from that order of the circuit court. He claims that because of this error, it took from February 10, 1967, the date of this

---

[12] The President's Crime Commission has proposed that "the period from arrest to trial of felony cases be not more than four months." *President's Commission on Law Enforcement and Administration of Justice, The Challenge of Crime in a Free Society* (1967), 155. The Advisory Committee on the Criminal Trial has recommended that the defendant's right to speedy trial be expressed "in terms of days or months." *The American Bar Association Project on Minimum Standards for Criminal Justice—Speedy Trial* (Tentative Draft, May, 1967), Part II, p. 14, sec. 2.1.

court's opinion, until August 23, 1967, to win dismissal. Thus appellant contends that another six months elapsed before he was able to obtain due process.

The propriety of the decision of February 10, 1967, is not properly before this court. The reason for the delay was that appellant chose to pursue his appellate remedies. The fact that he was unsuccessful in this endeavor does not amount to a denial of speedy trial.

The third issue presented on this appeal is whether defendant took the necessary affirmative action required to assert the denial of speedy trial.

Appellant contends that from the date of arrest on April 17, 1966, until January of 1967, a period of about nine months, he did not cause or request a delay. In fact, he contends that he took the necessary affirmative action as required by this court.[13] Accordingly, appellant submits that the county court docket of July 15, 1966, shows that affirmative action was taken. The entry of that date indicates that defense counsel made a motion for speedy trial.

However, a close examination of the record reveals that on July 11, 1966, the appellant, in a handwritten motion, petitioned the trial court for dismissal of one of the three cases (G–1877) on the ground that sec. 954.05 (1), Stats., had been violated. Thereafter, on July 15, 1966, when appellant and his counsel appeared for the preliminary hearing in that case, defense counsel argued the motion. Counsel contended at that time that a violation of sec. 954.05 (1), was a violation of the right to speedy trial. Rather than requesting a speedy trial at that time, counsel was arguing that the right had already been denied and that the case should be dismissed. At that hearing the assistant district attorney stated:

---

[13] *Supra*, footnote 4.

"*Mr. Cannon:* The state's position is this: the defendants apparently are claiming they are not getting a speedy trial. We are ready to proceed with the preliminary today. Any stipulation and request to the court to reserve ruling seems to me to be flying in the face of their very motion."

It is clear that the appellant did not take affirmative action as contemplated in the opinions of this court. He never petitioned the court for a speedy trial but rather moved for dismissal on the ground that he had been denied a speedy trial.

Even if appellant's motion to dismiss of July 11, 1966, and counsel's argument on July 15th and 19th could be construed as a motion for speedy trial, it is evident that such request was granted. After the motion was made, the trial court went ahead with the preliminary hearing and bound the defendant over for trial. The only thing that prevented the defendant from proceeding with a speedy trial was his own efforts to have the matter reviewed in the circuit court on a writ of habeas corpus.

We have painstakingly reviewed the very substantial record that has been made in county court and circuit court on this whole matter. The record is clear that the defendant could long ago have received his trial and, if convicted and sentenced, could be serving that sentence. The fact that he is not is a matter of his own choosing—not a denial of speedy trial by the state.

*By the Court.*—Order affirmed.