**2021 WI App 12**

# COURT OF APPEALS OF WISCONSIN
## PUBLISHED OPINION

Case No.:        2019AP221-CR

†Petition for Review Filed

Complete Title of Case:

**STATE OF WISCONSIN,**

      **PLAINTIFF-RESPONDENT,**

    **V.**

**NHIA LEE,**

    **†DEFENDANT-APPELLANT.**

---

| | |
|---|---|
| Opinion Filed: | January 20, 2021 |
| Submitted on Briefs: | |
| Oral Argument: | October 28, 2020 |

---

| | |
|---|---|
| JUDGES: | Stark, P.J., Hruz and Seidl, JJ. |
| Concurred: | |
| Dissented: | |

---

| | |
|---|---|
| Appellant<br>ATTORNEYS: | On behalf of the defendant-appellant, the cause was submitted on the briefs of and oral argument by *Julianne M. Lennon* of *Law Offices of Attorney Julianne M. Lennon*, Wausau. |
| Respondent<br>ATTORNEYS: | On behalf of the plaintiff-respondent, the cause was submitted on the brief of *Timothy M. Barber*, assistant attorney general, and *Joshua L. Kaul*, attorney general. There was oral argument by *Timothy M. Barber*. |

A nonparty brief was filed by *Kelli S. Thompson*, assistant state public defender, and *Katie R. York*, state public defender appellate division director of Madison.

# COURT OF APPEALS
## DECISION
## DATED AND FILED

## January 20, 2021

Sheila T. Reiff
Clerk of Court of Appeals

**NOTICE**

**This opinion is subject to further editing. If published, the official version will appear in the bound volume of the Official Reports.**

**A party may file with the Supreme Court a petition to review an adverse decision by the Court of Appeals.** *See* **WIS. STAT. § 808.10 and RULE 809.62.**

| | |
|---|---|
| **Appeal No.** **2019AP221-CR** | Cir. Ct. No. **2018CF1025** |
| **STATE OF WISCONSIN** | **IN COURT OF APPEALS** |

---

STATE OF WISCONSIN,

    PLAINTIFF-RESPONDENT,

V.

NHIA LEE,

    DEFENDANT-APPELLANT.

---

APPEAL from an order of the circuit court for Marathon County: LAMONT K. JACOBSON, Judge. *Reversed and cause remanded with directions.*

Before Stark, P.J., Hruz and Seidl, JJ.

¶1 HRUZ, J. Wisconsin law requires that a preliminary hearing be held within ten days of a defendant's initial appearance if the defendant is in custody on a felony charge and bail is set in excess of $500. WIS. STAT. § 970.03(2) (2017-

18).[1] After Nhia Lee's initial appearance, he was deemed eligible for representation by the Wisconsin State Public Defender's Office (SPD) based on his indigence, but he was held in custody for 101 days without counsel while the SPD searched for an attorney willing and able to represent him. Ultimately, Lee's preliminary hearing was not held until 113 days after his initial appearance.

¶2 During the time Lee was unrepresented, circuit court judges and a court commissioner, on their own motions, repeatedly extended the statutory, ten-day time limit for holding the preliminary hearing. Each time, they found cause to do so based solely on the fact that the SPD was still searching for counsel. After eventually obtaining an SPD-appointed attorney, Lee filed a motion to dismiss the criminal complaint, in which he alleged, among other things, that the circuit court and the commissioner had erroneously exercised their discretion when extending the time limits by failing to consider other relevant factors, including the potential prejudice to Lee arising from the delay. Lee also asserted that, barring a timely SPD appointment, the court was required to appoint counsel for him at county expense. The court ultimately denied Lee's motion.

¶3 We agree with Lee that the circuit court and the court commissioner erroneously exercised their discretion when, on their own motions, they continued to find cause to extend the time limit under WIS. STAT. § 970.03(2) for months based solely upon the fact that the SPD had not yet obtained counsel for Lee. Although the SPD's search for counsel can constitute good cause to delay the preliminary hearing, going forward there must be a more robust consideration of relevant factors than is demonstrated by this record—including the necessity and feasibility of

---

[1] All references to the Wisconsin Statutes are to the 2017-18 version unless otherwise noted.

appointing counsel at county expense, especially in instances of prolonged delay. In this case, we conclude that the court's erroneous exercise of discretion occurred no later than at the conclusion of a status hearing that was held nearly two months after Lee's initial appearance. By that time, the court was informed that over 100 potential attorneys had declined to represent Lee, and Lee continued to request that counsel be appointed for him or that the charges against him be dismissed. We reject Lee's assertion, however, that the court was required before that time to appoint counsel for him at county expense under *State v. Dean*, 163 Wis. 2d 503, 471 N.W.2d 310 (Ct. App. 1991), and a 2018 Wisconsin Supreme Court order amending SCR 81.02.

¶4 Because Lee's preliminary hearing was held outside of the ten-day time limit without a proper finding of good cause, the circuit court was deprived of personal jurisdiction over Lee. Accordingly, we reverse the order denying Lee's motion to dismiss and remand with directions for the court to grant the motion and dismiss the criminal complaint without prejudice.

## BACKGROUND

¶5 On September 10, 2018, Lee was charged in Marathon County Circuit Court case No. 2018CF1025 with two felony drug offenses and a single count of identity theft.[2] Lee made an initial appearance that same day; he was represented by SPD-appointed counsel for purposes of that hearing only, but the matter was continued to the following day because his attorney had not yet spoken to Lee about the charges. The circuit court found probable cause for the charged offenses based

---

[2] Lee was arrested on September 1, 2018. Following his arrest, Lee was charged for the drug offenses under a different case number, but that case was dismissed after authorities discovered that Lee had misrepresented his identity. Lee had made an initial appearance in that earlier case but had not received a preliminary hearing.

upon the contents of the criminal complaint and imposed cash bail in the amount of $25,000.

¶6      The imposition of bail in that amount triggered the statutory obligation to hold a preliminary hearing within ten days of the initial appearance. *See* WIS. STAT. § 970.03(2).  Lee was deemed eligible for SPD representation based on his indigence, and his preliminary hearing was set for September 19, 2018.

¶7      On September 14, 2018, a court commissioner, sua sponte, held what was designated as a "review hearing."  The State did not appear at the hearing.  Lee appeared without counsel, as the SPD had not yet appointed anyone for him.  The commissioner stated its understanding that Lee had been "found eligible for a Public Defender but they are still looking for somebody to represent you."  Lee confirmed that he shared that understanding, and he reaffirmed that he wanted an attorney to represent him.  The commissioner removed the preliminary hearing from the schedule and found good cause to extend the ten-day time limit for holding the preliminary hearing until another review hearing scheduled for the following week.

¶8      The court commissioner conducted additional weekly review hearings between September 21 and October 12, 2018.  At each hearing, the commissioner, sua sponte, considered whether to extend the time limit for holding the preliminary hearing.  The State did not appear at any of the hearings, and Lee continued to appear without counsel.  At each hearing, the commissioner stated that the SPD was continuing to search for someone to represent Lee.  Each time, the commissioner, on its own motion, found good cause to extend the time limit for holding the preliminary hearing.  At the October 5 hearing, the commissioner noted that "four people this week … got attorneys … but it looks like nothing has changed in your case yet."

¶9      At the October 12, 2018 review hearing, Lee objected that he had been in custody for one month without counsel. The court commissioner responded: "I wish I could tell you what the hold up is, there doesn't seem to be any … certain length. I've seen people who have been in shorter get attorneys, so I'm not sure what the hold up is on your particular case." The commissioner told Lee that, at some point, the lack of counsel for him "will become a problem." The commissioner informed Lee of the purpose of the preliminary hearing, of his right to have it within ten days of the initial appearance, and that the commissioner had been finding good cause to extend that time limit based upon the SPD's failure to find counsel for him. Upon Lee's further protestations, the commissioner informed Lee that judicial actors could not give him advice about how to proceed. The commissioner suggested that Lee write a letter to Judge LaMont Jacobson, to whom Lee's case had been assigned, expressing his concerns.

¶10     A similar discussion occurred at the October 19, 2018 review hearing. Lee again objected to the amount of time he had been in custody without an attorney, and the court commissioner again advised Lee to write a letter to Judge Jacobson expressing his concerns.[3] The commissioner again found good cause to extend the time for holding the preliminary hearing.

¶11     Lee wrote a pro se letter to Judge Jacobson in mid-October, expressing concerns regarding his due process rights as a result of the delay and requesting that his case be dismissed.[4] At the October 26, 2018 review hearing, the

---

[3] The transcripts of the review hearings oftentimes contain an "unintelligible" designation for Lee's statements. Lee was appearing by video from the jail, and the proceedings were digitally recorded. Although not all of Lee's statements were transcribed, in context it is clear that Lee was expressing concern with the amount of time he had been in custody without counsel.

[4] Lee also sought bail modification, which ultimately was denied.

court commissioner acknowledged that the circuit court had received the letter but had taken no action on it. The commissioner then summarily found good cause to extend the time limit for the preliminary hearing.

¶12 At the November 2, 2018 review hearing, the commissioner again observed that no action had been taken on Lee's letter. Lee objected that he had been "sitting here for this long" without counsel. The commissioner acknowledged it had to "be frustrating to sit there and be waiting" and offered to investigate the status of Lee's letter before the next review hearing. The commissioner again found good cause to extend the time limit for the preliminary hearing based solely on the SPD's failure to locate an attorney for Lee.

¶13 The circuit court held a hearing on November 7, 2018, to address Lee's letter. Lee, still unrepresented, appeared in person, as did the State. The court invited SPD attorney Suzanne O'Neill to attend and explain the delay in finding an attorney for Lee. O'Neill acknowledged that Lee had been "on the list now a significant period of time." O'Neill believed "at least 100, if not more" attorneys had been contacted by the SPD. None of those attorneys were willing to represent Lee, although O'Neill was not asked why that was the case, and she did not otherwise specify the reasons. O'Neill stated that the SPD had attempted to contact local attorneys by telephone and attorneys throughout the state by e-mail.

¶14 In addressing Lee's motion, the circuit court found that Lee had been waiting approximately two months for a preliminary hearing and that the delay was "getting very, very close to the point where the Court could find a constitutional violation." Nonetheless, the court observed that probable cause had been twice found during Lee's initial appearances and that Lee had received weekly review hearings, during which the court commissioner found good cause to extend the ten-

day time limit to hold a preliminary hearing. On these respective bases, the court found neither a constitutional nor statutory violation, and it denied Lee's motion to dismiss.

¶15 Between November 9 and November 30, 2018, the court commissioner held three more review hearings at which the State did not appear. Lee appeared each time without an attorney, and at each hearing he confirmed the commissioner's observation that he was still waiting for the SPD to appoint counsel. During the various hearings, the commissioner remarked that the amount of time Lee had been waiting was approaching a potential constitutional violation and that Lee could appeal the denial of his earlier motion or file a new one.[5] Lee was informed that the Marathon County judges were meeting soon to discuss issues arising from the widespread failure of the SPD to obtain counsel for indigent defendants. At each hearing, the commissioner found good cause to extend the time limit for holding the preliminary examination another one to two weeks, again based solely upon the SPD's failure to appoint counsel for Lee.

¶16 The court commissioner first raised the prospect of appointing an attorney for Lee at county expense during the November 30, 2018 hearing. Lee told the commissioner that he had sent the circuit court judge another letter, which the court apparently had not yet received. Lee then inquired about the results of the Marathon County judges' meeting, and the commissioner informed him that they "haven't come up with any plan yet" and had decided only to hold review hearings on a biweekly schedule rather than weekly. When Lee further questioned the delay,

_____

[5] When Lee seemed to express confusion about the distinction between his constitutional rights and his statutory right to a timely preliminary hearing, the court commissioner advised him that the constitutional rights that were potentially impacted were his rights to due process, to counsel, and to a speedy trial. However, Lee was repeatedly informed that the commissioner could not provide him with legal advice.

the commissioner stated: "[A]t some point they're going to have to do something different and that might mean appointing somebody for you at County expense. I know they're trying not to have to do that, but at some point that might have to be what the answer is."

¶17    The December 14, 2018 review hearing was held before Judge Michael Moran. The circuit court stated it "wish[ed the SPD] could have someone at this point but they don't, therefore I'm going to toll time limits for cause at this time." The next review hearing was set for December 28, 2018.

¶18    On December 21, 2018, the SPD appointed attorney Julianne Lennon as counsel for Lee. Attorney Lennon immediately filed a motion to dismiss, alleging that the delays in appointing counsel for Lee had violated his Sixth Amendment and statutory rights. At the next hearing, which was held on December 28 before the court commissioner, Lennon appeared with Lee and argued that given the SPD's delay in appointing counsel for Lee, the circuit court was required to have appointed an attorney at county expense pursuant to S. CT. ORDER 17-06, 2018 WI 83 (eff. Jan. 1, 2020) (*In re the Petition to Amend SCR 81.02*). The preliminary hearing had been set for January 2, 2019, but Lennon objected to that date because it would occur more than ten days after her appointment. The commissioner again found good cause to extend the time limit, based upon its assumption that January 2, 2019, was the earliest date available for a hearing.

¶19    Lee then filed an amended motion to dismiss, in which he added a claim that his pretrial detention without an attorney violated his due process rights. Lee asserted the circuit court had inherent authority to appoint counsel for him at county expense, and that its failure to do so and to hold a preliminary hearing within the statutory time limits deprived the court of personal jurisdiction over him. The

preliminary hearing on January 2, 2019, was held before Judge Jill Falstad, who deferred ruling on the motion to dismiss, found probable cause to believe Lee committed a felony, and bound him over for trial.

¶20     Lee's motion to dismiss was heard on March 25, 2019. In addition to her written arguments, Lennon argued at the hearing that the various judicial actors who had found good cause to extend the time limit for holding Lee's preliminary hearing had done so without a sufficient basis. Lennon contended they had failed to properly exercise discretion under *State v. Selders*, 163 Wis. 2d 607, 472 N.W.2d 526 (Ct. App. 1991), because they had failed to consider the possible prejudice Lee suffered as a result of the delayed preliminary hearing. Lennon represented that Lee had been interviewed by numerous law enforcement agencies while he was awaiting the appointment of counsel, that he had been taken for a "ride-along" to identify locations of ongoing criminal activity, and that officers had confiscated his cell phone. Lennon contended that because these activities occurred without Lee having representation, he was unable to negotiate a cooperation agreement, have the interviews recorded, or secure a property receipt for his phone.[6]

¶21     In addressing Lee's motion, the circuit court recognized that, given the low compensation rates for SPD-appointed attorneys, there were few attorneys willing to take such cases and "[a] statewide crisis regarding public defender

---

[6] Attorney Lennon declined the circuit court's invitation for an evidentiary hearing to establish these facts for purposes of the motion to dismiss because she did not know the names of the law enforcement officers who participated in the additional investigations and did not want her client to testify. Lennon had apparently requested information from the State but had not yet received a response. Nonetheless, Lennon stated she believed one detective had relevant information and offered to subpoena her testimony. The court stated it appeared the potential remedy was "more in the nature of suppression or for failure to honor [the] request for an attorney," and no evidentiary proceedings were ever conducted.

representation has been brewing for several years." The court noted that Marathon County judges had been attempting to deal with the problem by scheduling review hearings prior to the preliminary hearing for two purposes: (1) to make sure that indigent persons requesting an attorney had obtained representation by the time of the preliminary hearing, which is a "critical stage" in criminal proceedings[7]; and (2) to avoid repeatedly rescheduling the preliminary hearing due to the lack of counsel, thereby inconveniencing any police officers who were required to testify at such hearings.

¶22 The circuit court ultimately denied Lee's motion to dismiss. The court noted that Lee had no constitutional right to a preliminary hearing and that his constitutional right to a timely probable cause determination had been satisfied by the probable cause reviews during the initial appearances in both the earlier-filed case and the present case. The court also determined that Lee's Sixth Amendment right to counsel was not affected by the SPD's delay in obtaining counsel for him, although it found the circumstances of Lee's case "extreme" and stated it was "very troubled by the length of time that it took." The court also determined that the statutory time limits under WIS. STAT. § 970.03(2) had been satisfied because, at each review hearing, good cause to extend the time limit had been found. Furthermore, the court noted that it "could have appointed an attorney earlier at county expense," but that did not mean the court was "required to make such an appointment." Lee now appeals the denial of his motion to dismiss.[8]

---

[7] *See State v. Schaefer*, 2008 WI 25, ¶84, 308 Wis. 2d 279, 746 N.W.2d 457 (noting that the preliminary hearing is a critical stage of a prosecution at which a defendant is constitutionally entitled to the assistance of counsel).

[8] Leave to appeal a non-final order was granted by order of this court dated November, 20, 2019. This court, on its own motion, invited amicus curiae participation in this matter by the SPD. Oral argument was held on October 28, 2020.

**DISCUSSION**

*I. Preliminary Hearings Generally and "Cause" to Extend the Time Limit for Holding One*

¶23    We begin with Lee's assertion that the circuit court lacked personal jurisdiction over him as a result of its failure to hold a preliminary hearing within ten days of his initial appearance.  Since 1849, the preliminary hearing has been considered "an essential step in the criminal process involving felonies." ***Sparkman v. State***, 27 Wis. 2d 92, 99, 133 N.W.2d 776 (1965).  The hearing is held "for the purpose of determining if there is probable cause to believe a felony has been committed by the defendant." WIS. STAT. § 970.03(1).  The primary function of the preliminary examination is to "protect the accused from hasty, improvident, or malicious prosecution and to discover whether there is a substantial basis for bringing the prosecution and further denying the accused his right to liberty." ***State v. Williams***, 198 Wis. 2d 516, 527, 544 N.W.2d 406 (1996) (citing ***Bailey v. State***, 65 Wis. 2d 331, 344, 222 N.W.2d 871 (1974)); *see also **State v. O'Brien***, 2013 WI App 97, ¶17, 349 Wis. 2d 667, 836 N.W.2d 840, *aff'd*, 2014 WI 54, 354 Wis. 2d 753, 850 N.W.2d 8 (stating the preliminary hearing serves to screen out "implausible or impossible allegations").

¶24    Strict timeliness provisions govern when a preliminary examination must be commenced.  *See* WIS. STAT. § 970.03(2); *see also **State v. Brown***, 215 Wis. 2d 716, 727, 573 N.W.2d 884 (Ct. App. 1997) (noting that judicial substitution is allowed despite § 970.03(2)'s "restrictive time limits").  As applicable to Lee, the statute requires that a defendant who is held in custody on a bail amount greater than $500 have a preliminary hearing within ten days of his or her initial appearance.  Sec. 970.03(2).  A circuit court may, however, extend the time for holding a

preliminary hearing "[o]n stipulation of the parties or on motion and for cause."[9] *Id.*

¶25     Lee's statutory claim turns on what constitutes "cause" under WIS. STAT. § 970.03(2) and whether the circuit court appropriately exercised its discretion in continuing to find cause to delay Lee's preliminary hearing.   The interpretation and application of a statute present questions of law that we review de novo.  ***Brey v. State Farm Mut. Auto. Ins. Co.***, 2020 WI App 45, ¶13, 393 Wis. 2d 574, 947 N.W.2d 205.  If the language of the statute is plain, we ordinarily stop the inquiry.  *Id.*  We give statutory language its common, ordinary and accepted meaning; we interpret the language in the context of surrounding or closely related statutes; and we avoid interpretations that produce absurd or unreasonable results. ***State ex rel. Kalal v. Circuit Ct. for Dane Cnty.***, 2004 WI 58, ¶¶45-46, 271 Wis. 2d 633, 681 N.W.2d 110.

¶26     During each of Lee's first twelve review hearings, the various judicial actors found "cause" under WIS. STAT. § 970.03(2) to extend the time within which

---

[9]  In full, WIS. STAT. § 970.03(2) provides:

> The preliminary examination shall be commenced within 20 days after the initial appearance of the defendant if the defendant has been released from custody or within 10 days if the defendant is in custody and bail has been fixed in excess of $500.   On stipulation of the parties or on motion and for cause, the court may extend such time.

Although WIS. STAT. § 970.03(2) uses the word "cause," the parties, as well as the various judicial actors who conducted Lee's review hearings, have used the phrase "good cause."  For purposes of this opinion, we perceive no difference between these terms.

to hold the preliminary hearing.[10] That cause was based entirely on the SPD's failure to locate counsel for Lee.[11] The State contends that the SPD's unsuccessful and continuing search for counsel, in and of itself, was sufficient cause to extend the time within which to hold the preliminary hearing.

¶27 Lee argues that while the SPD's search for counsel may have initially constituted cause to delay the preliminary examination, that justification eventually dissipated given the circuit court's inherent authority to appoint an attorney at county expense. Indeed, Lee goes so far as to argue the court was *required* to appoint counsel for him at county expense. Lee's argument thus implicates both the SPD's statutory responsibility to find counsel for indigent defendants and a court's inherent authority to appoint an attorney for an indigent defendant at county expense.

¶28 As part of our analysis in this case, we are mindful that "long-standing principles relating to the right to counsel are among the most important in protecting an accused." *State v. Forbush*, 2011 WI 25, ¶45, 332 Wis. 2d 620, 796 N.W.2d

---

[10] The thirteenth review hearing, on December 28, 2018, took place after the appointment of counsel, and the court commissioner's good cause finding was based on scheduling conflicts on the court calendar. Accordingly, we do not consider that hearing in our review.

[11] The parties and the amicus appear to agree that the fact that Lee was provided temporary counsel at the initial appearance is immaterial to the issue presented on appeal. The SPD must make a determination of indigency "as soon as possible" to determine eligibility for SPD-appointed counsel. WIS. STAT. § 977.07(1)(a). Consistent with this directive, amicus represents that it provides "limited scope representation … at bail hearings and initial appearances prior to the appointment of counsel" pursuant to SCR 20:1.2(c)(1)d.

According to the amicus, the procedure for securing this limited scope representation varies by county, but "generally an SPD staff attorney is assigned to evaluate whether individuals scheduled for initial appearances or bail hearings qualify for SPD representation." The staff attorney is provided with limited information about the case (often right before or at the hearing) and "likely has had limited contact with the defendant prior to the hearing." Therefore, the representation provided at the initial appearance is limited only to arguing bail and raising obvious problems with the charging document.

741. Indeed, the Wisconsin Constitution recognizes that a defendant "enjoy[s] the right to be heard by himself and counsel." WIS. CONST. art. I, § 7. And by 1859, our supreme court had recognized that an indigent defendant may have counsel appointed for him or her at county expense, even in the absence of a statute so providing. *See* ***Carpenter v. County of Dane***, 9 Wis. 249, [*274], 250, [*275-76] (1859).

¶29 In creating the SPD, the legislature "intended to structure a comprehensive state-wide program to deal with the appointment of counsel for indigent defendants." ***Douglas Cnty. v. Edwards***, 137 Wis. 2d 65, 76-77, 403 N.W.2d 438 (1987). The statutes establish a public defender board, which sets the indigency criteria, *see* WIS. STAT. § 977.02(3),[12] and appoints a state public defender who supervises the SPD, *see* WIS. STAT. § 977.05(1). The state public defender, in turn, compiles a list of attorneys in each county willing to represent SPD-eligible clients, *see* WIS. STAT. § 977.08(2), and may assign cases to either staff attorneys or private local attorneys, *see* § 977.08(3).[13] The rate of compensation for private attorneys was $40 per hour during the period Lee was awaiting the appointment of counsel. *See* § 977.08(4m)(c). The SPD represents that this amount had not changed significantly from the time of the SPD's creation

---

[12] The board has exercised its rule-making function by promulgating financial criteria contained in WIS. ADMIN. CODE ch. PD 3 (Jan. 2014).

[13] For rules relating to the process of assigning counsel, *see generally* WIS. ADMIN. CODE ch. PD 2 (May 2010).

in 1977, leading to widespread difficulties in finding attorneys willing to accept SPD appointments at such a low rate.[14]

## II. A Court's Inherent Authority to Appoint Counsel at County Expense

¶30      A crucial component of Lee's argument is his observation that, despite the creation of the SPD as the primary appointing authority of counsel for indigent defendants, a circuit court retains the inherent authority to appoint counsel at county expense. This argument is well taken. "The legislature cannot limit who is constitutionally entitled to an attorney. The creation of the public defender's office is not the exclusive means for assuring counsel to indigents and did not negate the inherent power of the court to appoint when the public defender declines to act." *Dean*, 163 Wis. 2d at 513.

¶31      For example, in *Dean*, we concluded that although the circuit court did not err in finding the defendant statutorily ineligible for SPD-appointed counsel, the court was nonetheless required to "go beyond the public defender's determination … and determine whether the 'necessities of the case' and the demands of 'public justice and sound policy' require appointing counsel." *Id.* at 511, 513 (quoting *Sparkman*, 27 Wis. 2d at 98). And in *Edwards*, the SPD declined to appoint counsel after the defendant repeatedly fired his SPD-appointed attorneys, prompting our supreme court to conclude the circuit court possessed inherent authority to appoint standby counsel for the pro se defendant at county expense. *Edwards*, 137 Wis. 2d at 68-70.

---

[14] Effective January 1, 2020, the legislature increased the rate paid to private attorneys for SPD appointments from $40 to $70 an hour. 2019 Wis. Act 9, §§ 2244, 2245. The SPD expresses optimism that this increase will help staff in finding attorneys willing to accept SPD cases, but it cautions that the breadth of the anticipated improvement is unknown given both the recentness of the change and the intervening SARS-CoV-2 pandemic.

¶32 A circuit court's inherent authority to appoint counsel has not always been well received by counties that must pay for such representation. Even as far back as *Carpenter*, counties have objected to paying the attorney fees of indigent criminal defendants, *see Carpenter*, 9 Wis. at 252, [*277], and *Edwards* concluded that the SPD could not be charged for court-appointed representation, *see Edwards*, 137 Wis. 2d at 82-85. As a result, the costs of court-appointed attorneys must be borne by the county of venue and are considered operating costs of circuit courts under WIS. STAT. § 753.19. *Edwards*, 137 Wis. 2d at 82-83. The amicus represents that it does not reimburse counties for court-appointed attorneys, as there is no statutory authority to do so. True to this history, once the prospect of appointing an attorney at county expense was eventually raised in this case, the only reason given for not doing so was the cost to the county.

¶33 Still, although an attorney could have been appointed for Lee at county expense, Lee considerably overreads the authorities he cites in support of his argument that the circuit court was required to make such an appointment after a preliminary hearing could not be held within ten days of his initial appearance. *Dean* held that circuit courts are not bound by the SPD's indigency criteria and have an independent obligation to inquire into a defendant's potential indigency. *Dean*, 163 Wis. 2d at 513-15. Pertinent to Lee's arguments, *Dean* offered only the general statement that a court has the inherent authority to appoint counsel if the "necessities of the case" and the demands of "public justice and sound policy" so require. *Id.* at 515-16 (quoting *Edwards*, 137 Wis. 2d at 85). But *Dean* did not declare that these

16

requirements are satisfied solely because there is a delay in obtaining SPD-appointed counsel for approximately three months or less, as occurred here.[15]

¶34    As additional authority, Lee relies on ***In re the Petition to Amend SCR 81.02***, in which our supreme court considered an administrative rule petition to raise the rate paid to court-appointed attorneys from $70 to $100 per hour. ***Id.*** at 12. The court recognized at that time that, due in part to the low statutory rate paid to SPD-appointed private attorneys, "the SPD struggles to find counsel who will represent indigent criminal defendants." ***Id.*** at 2-3. As a result, "costs for indigent defense, which should be borne by the state as a whole, are being shifted to individual counties" through the court-appointment process. ***Id.*** at 15.

¶35    Lee interprets ***In re the Petition to Amend SCR 81.02*** as a mandate to appoint attorneys at county expense whenever there are delays in procuring SPD-appointed counsel. Lee relies on a single sentence in the body of the order: "If lawyers are unavailable or unwilling to represent indigent clients at the SPD rate of $40/hour, as is increasingly the case, then judges must appoint a lawyer under SCR 81.02, at county expense." ***Id.*** at 15 (citing generally ***Dean***, 163 Wis. 2d 503).

¶36    We do not agree with Lee's understanding that the supreme court's statement operates as a mandatory directive in cases like his. First, the operative language of the order (i.e., the "IT IS ORDERED" mandate sections) merely amended SCR 81.02(1) and (2) to reflect the rate increase for court-appointed attorneys. The supreme court rejected other proposed amendments to the rule. ***Id.*** at

---

[15] Additionally, we note that in ***State v. Dean***, 163 Wis. 2d 503, 471 N.W.2d 310 (Ct. App. 1991), the effect of a contrary holding would have been to authorize the prosecution of an indigent defendant without his or her representation by counsel. In this case, it is undisputed that Lee was entitled to an attorney—the only questions were when he would receive one, which entity would pay that attorney, and whether the delay in procuring counsel caused a violation of Wis. Stat. § 970.03(2) and, potentially, his related constitutional rights.

18-19. Moreover, the supreme court cited ***Dean*** as authority for its statement regarding the necessity of court-appointed counsel. As we have discussed, ***Dean*** does not directly mandate the appointment of counsel under the circumstances present in this case.[16] Instead, we view the order's matter-of-fact statement cited by Lee as being observational in nature.

¶37 The sentence of the order Lee highlights undoubtedly provides support for his argument. However, if it is to be construed as a mandatory directive to circuit courts to appoint counsel at county expense in all instances where there are delays in securing SPD-appointed counsel for the defendant, we believe that declaration should come from the Wisconsin Supreme Court. As the supreme court has noted, such a rule would have major budgetary ramifications for Wisconsin's counties. ***In re the Petition to Amend SCR 81.02***, at 15 (recognizing that an increase in the amount of compensation paid to court-appointed attorneys would have "a profound impact on existing county budgets"). And due consideration should be given to the legislature's creation of the SPD as the primary agency responsible for providing counsel to indigent defendants. *See **Edwards***, 137 Wis. 2d at 76-77. This court's primary function is error correcting, whereas the supreme court oversees and implements the statewide development of the law. ***Blum v. 1st Auto & Cas. Ins. Co.***, 2010 WI 78, ¶47, 326 Wis. 2d 729, 786 N.W.2d 78. In such an impactful context, if the rule Lee seeks is to be recognized, it should be left for the supreme court to do so.

---

[16] Even if one were to construe ***In re the Petition to Amend SCR 81.02*** in the manner Lee suggests, there are several pertinent issues that were left unaddressed by the order. *See* S. CT. ORDER 17-06, 2018 WI 83 (eff. Jan. 1, 2020). Importantly, the order is silent regarding when a circuit court's obligation to appoint an attorney at county expense is triggered, or what standards should be used to deem the pool of potential SPD-appointed counsel "unavailable" or "unwilling" to represent a particular client. Additionally, the order does not directly reference the ten-day time limit for holding a preliminary hearing.

### III. Properly Exercising Discretion When Making Sua Sponte Assessments of "Cause" Under WIS. STAT. § 970.03

¶38    Our declining to read a mandatory court-appointment requirement into the authorities Lee cites does not mean that the availability of court-appointed counsel should not factor into a circuit court's determination of whether there is good cause to extend the time limit for holding a preliminary hearing based on the SPD's failure to timely appoint counsel for the defendant.  Under a prior version of WIS. STAT. § 970.03(2), a circuit court could not adjourn the preliminary hearing for more than ten days without the defendant's consent.  *See* WIS. STAT. § 954.05(1) (1965-66); *see also* **Godard v. State**, 55 Wis. 2d 189, 190-91, 197 N.W.2d 811 (1972).  The current statute removes that requirement (although it allows for an extension by stipulation)[17] and states that the time limit for holding a preliminary examination may be extended "on motion and for cause."  Sec. 970.03(2).  This case concerns two questions raised by the statute:  what constitutes "cause" to extend the time limit, and who may seek an extension?  The statutory language leaves "cause" undefined and also is nonspecific as to *whose* motion it can be.

¶39    Addressing first the latter question, we perceive nothing improper about a circuit court (or a court commissioner) acting sua sponte to extend the time within which to hold the preliminary hearing.  Our supreme court has held that identical "on motion" language in WIS. STAT. § 806.07 (as well as in other contexts) permits courts to act on their own motions.  **Larry v. Harris**, 2008 WI 81, ¶¶23-25, 311 Wis. 2d 326, 752 N.W.2d 279.  Moreover, a court has the inherent, discretionary

---

[17] We note that WIS. STAT. § 970.03(2) permits a stipulated extension of the time limit for the preliminary hearing.  As noted elsewhere in this opinion, nowhere does the record indicate that Lee consented to any of the extensions; rather, he was persistent in his demand for an attorney and repeatedly objected, pro se, to the delays in both obtaining counsel and holding the preliminary hearing.  Moreover, the preliminary hearing could not occur without appointing an attorney for Lee, at least not without violating Lee's constitutional right to counsel.

authority to control its docket. *Neylan v. Vorwald*, 124 Wis. 2d 85, 94, 368 N.W.2d 648 (1985). "That a court should raise issues sua sponte is the natural outgrowth of the court's function to do justice between the parties." *State v. Holmes*, 106 Wis. 2d 31, 39, 315 N.W.2d 703 (1982). In this case, the sua sponte review hearings under WIS. STAT. § 970.03(2) had the added benefit of ensuring that a preliminary hearing would not be improperly held while Lee was without counsel.

¶40 Turning to the remaining question, one major focus of the oral argument in this case was which party bears the burden of showing cause under the circumstances here. The State correctly pointed out that, unlike the prosecutor in *Selders*, the prosecutor here had not requested an adjournment and, in fact, had not attended any of the review hearings. Nor was the preliminary hearing adjourned at Lee's insistence; to the contrary, he expressed dismay at the delays throughout the circuit court proceedings. Both parties acknowledged at oral argument the procedural oddity of the situation, where the court sua sponte moved to extend the time limit for the preliminary hearing and where no attorney was present for either party.

¶41 The question of who bears the burden of proof under a statute is a question of law. *State v. West*, 2011 WI 83, ¶21, 336 Wis. 2d 578, 800 N.W.2d 929. The moving party typically bears the burden of establishing the basis for the desired relief. *Wolfe v. Wolfe*, 2000 WI App 93, ¶15, 234 Wis. 2d 449, 610 N.W.2d 222 ("A party seeking judicial process to advance [his or her] position carries the burden of proof."). When a circuit court on its own motion extends the time for holding the preliminary hearing, it displaces the typical adversary process in favor of its broader authority to efficiently manage its docket and do justice. *See Larry*, 311 Wis. 2d 326, ¶23.

¶42    So, how should a circuit court measure whether cause is present to extend the time limit for the preliminary examination under these circumstances? Only two cases appear to have analyzed a court's "good cause" finding:  *Selders* and *Crummel v. State*, 46 Wis. 2d 348, 174 N.W.2d 517 (1970).[18]  In *Crummel*, our supreme court held that WIS. STAT. § 970.03(2)'s predecessor statute had been complied with when the district attorney requested an adjournment of the preliminary hearing based on the fact that the victim had sustained skull fractures and remained hospitalized.  *Crummel*, 46 Wis. 2d at 353-55.  Although the predecessor statute did not expressly require good cause for an adjournment, *see id.* at 353-54 (citing WIS. STAT. § 954.05(1) (1967-68)), we nonetheless find the court's analysis anecdotally instructive as to what constitutes cause under § 970.03(2). *Crummel* suggests that a temporary adjournment can be appropriate for the purpose of accommodating evidence-gathering objectives that are delayed by circumstances outside of the parties' control.

¶43    *Selders*, which was a case decided under WIS. STAT. § 970.03(2), is far more important to Lee's argument that the circuit court erred here.  *Selders* held, as a matter of first impression, that a court's decision to adjourn a preliminary hearing for cause was within the court's discretion.  *Selders*, 163 Wis. 2d at 613-14. The prosecutor in *Selders* requested that the preliminary examination be postponed until one day after the ten-day time limit would have expired so that the victim could

---

[18]  Other cases have considered post hoc challenges to a conviction based upon the alleged untimeliness of the preliminary hearing, but they did not directly involve adjournments for cause. *See State v. Robles*, 157 Wis. 2d 55, 59-60, 458 N.W.2d 818 (Ct. App. 1990), *aff'd sub nom.*, *State v. Martin*, 162 Wis. 2d 883, 470 N.W.2d 900 (1991) (applying waiver principles to hold that the defendant was not entitled to relief because the defendant's conduct resulted in the breach of the time limit); *State v. Horton*, 151 Wis. 2d 250, 255-56, 445 N.W.2d 46 (Ct. App. 1989) (holding that the time limit contained in WIS. STAT. § 970.03(2) does not apply upon remittitur when the defendant pursues an interlocutory appeal prior to the preliminary hearing and lower court proceedings are stayed pending the appeal's resolution).

identify the defendant in a line-up. *Id.* We held that a decision to grant relief from a deadline must be based on two major factors: (1) the justification for the relief sought; and (2) the possible prejudice to the opposing party. *Id.* at 614-15. In appropriate cases, the public interest may also be considered. *Id.* at 615. In all, we determined that "the court commissioner's grant of a one-day extension was both reasonable and consistent with the law and the facts of record." *Id.*

¶44 In Lee's case, the repeated sua sponte extensions of the preliminary hearing deadline were based solely upon the SPD's failure to obtain counsel for him. Yet the various judicial actors who extended the time limit for that reason failed to consider many factors that might have had a bearing on that decision. For illustrative purposes, we endeavor to set forth a nonexhaustive list of such factors potentially applicable to Lee. Ultimately, we conclude that various exercises of discretion cannot be sustained in this case. In particular, the facts developed at the November 7, 2018 hearing should have given rise to a more probing inquiry as to the efficacy of appointing counsel for Lee at county expense so as to avoid even further delays.

¶45 Under the "erroneous exercise of discretion" standard, we will not set aside the circuit court's ruling if it appears from the record that the court applied the proper legal standard to the facts before it and, through a reasoned process, arrived at a reasonable conclusion. *State v. Pal*, 2017 WI 44, ¶13, 374 Wis. 2d 759, 893 N.W.2d 848. "[T]o determine whether the trial court properly exercised its discretion in a particular matter, we look first to the court's on-the-record explanation of the reasons underlying its decision." *Burkes v. Hales*, 165 Wis. 2d 585, 590, 478 N.W.2d 37 (Ct. App. 1991). While this explanation need not be a lengthy process, the court's statements must "indicate to the reviewing court that the trial court 'undert[ook] a reasonable inquiry and examination of the facts' and

22

'the record shows that there is a reasonable basis for the … court's determination.'" *Id.* at 590-91 (quoting *Hedtcke v. Sentry Ins. Co.*, 109 Wis. 2d 461, 471, 326 N.W.2d 727 (1982)).

¶46    While we acknowledge the deferential nature of our standard of review, given the facts of this case and the important liberty interests protected by the time requirements in WIS. STAT. § 970.03(2), we conclude error occurred here. Between September 14 and November 2, the court commissioner held eight review hearings and summarily found good cause to extend the time limit under § 970.03(2) at each of them. As the SPD delay in obtaining counsel for Lee stretched to nearly one month, Lee objected, prompting the court commissioner to state, "I wish I could tell you what the hold up is." Thereafter, the commissioner undertook no further inquiry to determine what was inhibiting the SPD from appointing counsel. The perfunctory review hearings continued even after Lee wrote a pro se letter to the circuit court objecting to the delay.

¶47    Lee's letter prompted the circuit court to hold a hearing on November 7, 2018. The court, quite appropriately, expressed concern with the amount of time it was taking to obtain counsel for Lee, and it requested that attorney O'Neill from the SPD's office explain the reasons for the delay. O'Neill represented that "at least 100, if not more" attorneys had been contacted by the SPD to represent Lee. She did not explain—and was not asked—what factors were causing the delay in obtaining counsel. When the court ultimately refused to take action on Lee's letter, it relied on the court commissioner's prior findings of good cause to extend the ten-day time limit for holding a preliminary hearing. As a result, the court's laudable conduct in holding a hearing to address the delay did not reveal much additional information regarding the reasons for the delay, nor did the court add to the commissioner's rationale in finding good cause to extend the time limit.

¶48 Thereafter, four additional review hearings were held over the course of more than one month before the SPD obtained counsel for Lee. At nearly every hearing, the presiding circuit court judge or court commissioner expressed dismay at the amount of time Lee had been awaiting the appointment of counsel. Yet, none of them made further inquiries of the SPD office regarding the reason for the delay or considered the possible prejudice Lee suffered by continuing to remain incarcerated without having a preliminary hearing. The commissioner for the first time on November 30, 2018, raised the notion of appointing an attorney for Lee at county expense. The commissioner, however, elected not to make such an appointment solely on the basis that "they're trying not to have to do that"—an apparent reference to the costs the county would incur by it appointing counsel.

¶49 The circuit court also made several relevant observations at the hearing on Lee's motion to dismiss following the SPD's appointment of attorney Lennon. The court stated that it was "very troubled by the length of time that it took" and that the delay in obtaining counsel was "extreme." Although the court rejected Lee's assertion that it had been constitutionally required to appoint an attorney for him at county expense, it observed:

> The Court also recognizes that there is a significant overlap in attorneys who accept State Public Defender appointments and those accepting court appointments in criminal cases. If the Court appointed attorneys in any but the most extreme cases, considerable resources would have to be devoted by the court to the task of securing attorneys to represent people in criminal cases, just as is occurring with the Public Defenders Office at this time, although certainly the higher rate of pay, in theory, would make it easier to do so.

When denying Lee's motion to dismiss, the court found it sufficient that the "magistrate presiding over Mr. Lee's review hearings found it appropriate to extend

24

the time limits for good cause so under the circumstances, the statutory procedure was fulfilled."

¶50    At oral argument, both parties lamented the inadequate state of the record.  Lee argued the record fails to reflect a full and fair consideration of whether there was good cause to extend the time limit under WIS. STAT. § 970.03(2).  As a result, Lee asserts the judicial actors who found good cause did not take heed of *Selders'* directive that courts must consider the justification for the adjournment, the possible prejudice to the opposing party, and the public interest.  *See Selders*, 163 Wis. 2d at 614-15.  The State, meanwhile, asserted that while the reasoning demonstrated on the record at any one individual review hearing might have been inadequate, the record in its totality is sufficient to uphold the denial of Lee's motion to dismiss.[19]

¶51    We agree with Lee that the record fails to reflect an adequate exercise of discretion at most, if not all, of the review hearings at which good cause under WIS. STAT. § 970.03(2) was found.  Certainly, difficulty in locating competent counsel to represent an indigent defendant can be a justifiable reason for extending the time limit for the preliminary hearing, especially early in the proceedings.  But simply observing that the defendant has not yet had counsel appointed by the SPD

_____

[19]  In the State's view, the totality of the record is what matters, as this appeal comes to us from the denial of Lee's motion to dismiss.  The motion to dismiss, however, was predicated upon an alleged lack of good cause—or, at least, the erroneous exercise of discretion in finding good cause existed.  We believe this situation requires an analysis of the exercise of discretion at the time it was made (i.e., at each of the review hearings in this case), not as a collective whole.

Our analysis in this regard is not an invitation to hold more sporadic review hearings than occurred in this case.  Although WIS. STAT. § 970.03(2) does not specify the length of an extension of the time limit for holding the preliminary hearing, the overarching goal should be to obtain competent counsel for indigent defendants as expeditiously as possible so as to achieve the purpose of the preliminary hearing.  After all, the legislature has expressly limited the default deadline to only ten days, such that extensions of time that are much longer than that time period appear to run afoul of the legislature's intent.

is insufficient to demonstrate a "reasonable inquiry and examination of the facts." *See* ***Burkes***, 165 Wis. 2d at 590-91 (citation omitted). When the defendant lacks counsel and the State takes no position on a potential extension, a court's sua sponte decision to extend the time limit for a preliminary hearing requires a more robust contextual examination of the ***Selders*** factors.

¶52 Here, at least following the November 7, 2018 hearing, the need for additional inquiries into the necessity of the delay, as well as consideration of the alternative mechanism for appointing counsel, should have been obvious. At the November 7 hearing, attorney O'Neill explained that despite contact with 100 or more attorneys over the course of nearly two months, no one willing to represent Lee had been located. There was no inquiry, however, regarding the reasons that more than 100 attorneys had declined such representation. Those reasons are important when determining whether there was good cause to extend the time limit for holding the preliminary hearing.

¶53 Counsel can be unavailable for an SPD appointment for a number of reasons. There may be a general or geographic lack of attorneys qualified to accept an appointment for a particular type of case. Moreover, attorneys may have conflicts of interest that preclude them from representing a particular defendant. An attorney's existing caseload may also prevent him or her from taking on another client. Or, as the circuit court here speculated, attorneys may not be willing to represent clients at the statutory SPD rate. Given the foregoing, when a circuit court or court commissioner moves sua sponte to extend the preliminary hearing deadline based on a lack of appointed counsel, some factors it should consider—especially as the delay continues—are the nature of the charges against the defendant, the extent of the SPD's efforts to locate counsel, the reasons for the delay in obtaining counsel, and how long that delay is likely to continue given the other circumstances.

¶54     The circuit court should also consider alternate avenues of procuring counsel, like court appointment. It could be that this approach is no more fruitful. As the court here recognized, the group of attorneys who will accept SPD appointments may be the same group of attorneys who will accept a court appointment. Or, there may be no available attorneys who are qualified to provide competent representation in a given type of case. But if, as Lee suggests, attorneys are declining SPD appointment based on low pay rates, a higher court appointment rate might prove more compelling to private attorneys. Thus, the availability of court-appointed counsel may impact whether there is good cause to extend the time limit for the preliminary hearing under WIS. STAT. § 970.03(2).

¶55     Based on the comments of the circuit court and court commissioner , it seems that a court appointment might have been a viable alternative mechanism to obtain counsel for Lee. The only justification provided for not making such an appointment was the cost to the county. This strikes us as an incomplete balancing of interests. Among other considerations, and generally speaking, persons awaiting a preliminary hearing are held in county jails, *see* WIS. STAT. § 302.31(1), and the county must bear the costs of incarcerating such individuals, *see* WIS. STAT. § 302.33(1).[20] While we agree that the cost to appoint counsel at county expense can be a valid consideration, the court must also take into account the cost to the county of continuing to incarcerate the defendant while awaiting the preliminary hearing.

---

[20] Counties may enact ordinances authorizing them to seek reimbursement for certain costs, including the "actual per-day cost of maintaining that prisoner" for the period of pretrial detention. *See* WIS. STAT. § 302.372(2)(a)1. We take no position on whether or how the existence of such an ordinance should affect the balancing of interests in a particular case.

27

¶56    Case law also establishes that the circuit court should consider the special circumstances of the defendant and whether the purpose of the preliminary hearing will be thwarted by the delay.  Again, the preliminary hearing is designed "to ensure that people are not held for unreasonably long periods of time where the possibility exists that the State cannot muster even minimal proof in support of the allegations set out in the petition or complaint." *State v. Brissette*, 230 Wis. 2d 82, 88, 601 N.W.2d 678 (Ct. App. 1999).  Here, Lee's counsel at the initial appearance on September 11, 2018, stated that Lee was subject to an extended supervision hold.  The fact that a defendant would (or could) remain in custody regardless of whether the preliminary hearing was delayed may be a factor bearing upon a finding of good cause in a particular case.  "There is no need to safeguard against unreasonable intrusions on the person's liberty … when he or she is already in custody pursuant to some other sentence." *Id.*

¶57    The overall length of the delay is also a factor that must have significance to the determination of whether there is good cause under WIS. STAT. § 970.03(2).  Here, 101 days elapsed between the conclusion of Lee's initial appearance and when counsel was appointed for him.  During that time, there were twelve review hearings, and the record shows there was no reason presented at any such hearing to expect that counsel would soon be forthcoming.  The circuit court and court commissioner labeled the delay "extreme" and "frustrating" in response to Lee's repeated protestations about his lack of counsel.  As stated above, while the SPD bears the primary statutory responsibility for obtaining counsel for indigent defendants, when there is an extended breakdown of that process, it is incumbent upon a circuit court to consider alternative mechanisms for appointing counsel.  If

there has been a speedy trial demand, the length of the delay is an even more significant consideration.[21]

¶58    Relatedly, and as was made explicit in *Selders*, a circuit court must consider the potential for prejudice to the defendant arising out of an extension of the deadline for holding the preliminary hearing. *See Selders*, 163 Wis. 2d at 614-15.  In particular, Lee argues he "did not have counsel to investigate the charges, preserve evidence, or consult with when law enforcement sought a custodial interrogation."  The court should consider potential prejudice arising from one or more delays, including the potential that the defendant will be subjected to further evidence gathering by police while incarcerated and the possibility that the delay could compromise the defense or result in lost evidence, to the defendant's detriment.[22]

---

[21] Although Lee vociferously argues that the preliminary hearing exists to protect the defendant's speedy trial right, our supreme court has stated that is not necessarily the purpose of the statute. *See State v. Stoeckle*, 41 Wis. 2d 378, 386, 164 N.W.2d 303 (1969).  Importantly, the preliminary examination is a creature of statute and is not mandated by the federal or state constitutions. *State v. O'Brien*, 2013 WI App 97, ¶15, 349 Wis. 2d 667, 836 N.W.2d 840, *aff'd*, 2014 WI 54, 354 Wis. 2d 753, 850 N.W.2d 8.  Although the preliminary hearing does not primarily protect the defendant's right to a speedy trial, the length of the delay in holding the preliminary hearing might inform a circuit court's good cause determination to the extent it impacts the weighing of the various interests, including a defendant's eventual invocation of his or her speedy trial right under WIS. STAT. § 971.10.

[22] At oral argument, the State raised a concern that such an assessment of prejudice would require Lee to be placed under oath to offer testimony, which would be problematic, especially without the assistance of counsel.  We do not necessarily share the State's concern, and we do not hold that an evidentiary hearing—much less a formal one—is required each time the circuit court moves sua sponte to extend the statutory time limit.

¶59     In all, we conclude that when a circuit court or a court commissioner sua sponte extends the time limit for holding a preliminary hearing under WIS. STAT. § 970.03(2) based on delays in the SPD appointment of counsel for the defendant, it must conduct a relatively thorough inquiry that ensures there is good cause for the extension.  The inquiry's level of thoroughness will be reflective of overall length of the delay in each case.  The procedure we endorse today bears some similarity to that articulated in *State ex rel. La Crosse Tribune v. Circuit Court for La Crosse County*, 115 Wis. 2d 220, 236-37, 340 N.W.2d 460 (1983), for determining how a court should set forth its exercise of discretion in deciding to close a courtroom to the public.  The court should recite on the record the factors that lead it to find good cause and why such factors override the statutory directive that a preliminary hearing be promptly held.  The justification for extending the time limit must be set forth with reasonable specificity, and the court must consider countervailing factors and what weight to give them.  In all,

> [t]he process must be a rational one, and the rationality of it must be demonstrated on the record, showing that the conclusion was reached on facts of record or which are reasonably derived by inference from the record.  Upon review an appellate court should be able to determine from the record whether discretion was in fact exercised and whether a reasonable judicial mind could have reached the conclusion it did.

---

Rather, what we require is an on-the-record consideration of the potential prejudice to the defendant as a result of the delay in holding the preliminary hearing.  Such prejudice may be obvious based upon the nature and contents of the complaint and the evidence-gathering efforts already undertaken by the police.  Or, the defendant may offer such information after being duly warned of the effect of any such statements; here, the court commissioner engaged in ex parte discussions with Lee, and Lee was quite vocal in repeatedly objecting to the fact that he was left without counsel while his case languished despite the ten-day time limit contained in WIS. STAT. § 970.03(2).  Regardless, we leave for another day the nuances and proper limits of a court's inquiries in this regard.

*Id.* Most, if not all, of the review hearings in this case were insufficient to satisfy this standard; the later hearings are of particular concern, given the delays that had occurred by the time they were held.

*IV. The Proper Remedy for Violations of WIS. STAT. § 970.03*

¶60 A question remains regarding the remedy to which Lee is entitled. Lee argues—and reiterated at oral argument—that he believes dismissal of the criminal complaint with prejudice is warranted. He frames the erroneous exercise of discretion in this case as a failure to comply with a statutory mandate pertaining to the exercise of subject matter jurisdiction—i.e., a lack of competency. *See Village of Trempealeau v. Mikrut*, 2004 WI 79, ¶9, 273 Wis. 2d 76, 681 N.W.2d 190; *see also id.*, ¶13 (noting "[m]any 'loss of competency' cases involve noncompliance with statutory time limitations").

¶61 We disagree. Wisconsin law for decades has held that the failure to hold a preliminary hearing within the prescribed time results in a loss of personal jurisdiction, which requires only a dismissal without prejudice.[23] In *State ex rel. Klinkiewicz v. Duffy*, 35 Wis. 2d 369, 375, 151 N.W.2d 63 (1967), our supreme court observed that a dismissal based on an unlawful adjournment of the preliminary hearing "does not preclude the state from initiating a new prosecution for the same offense absent the running of the statute of limitations." The supreme court put it more pointedly in *State v. Stoeckle*, 41 Wis. 2d 378, 164 N.W.2d 303 (1969), when, upon observing that there is no time limit for a trial following bindover, the court

---

[23] Because a violation of the statutory time limit for holding the preliminary hearing results in a loss of personal jurisdiction, the defendant must timely raise the issue or risk forfeiting his or her objection. *See Skindzelewski v. Smith*, 2020 WI 57, ¶20, 392 Wis. 2d 117, 944 N.W.2d 575; *see also Robles*, 157 Wis. 2d at 60; *Logan v. State*, 43 Wis. 2d 128, 138-39, 168 N.W.2d 171 (1969). Clearly, there is no such concern in this case.

asked rhetorically why the law should "require dismissal with prejudice for failure to hold a preliminary examination in the required time and yet demand no exact time period for the commencement of the trial itself?" *Id.* at 386-87. Other cases echo these holdings. *See Armstrong v. State*, 55 Wis. 2d 282, 285, 198 N.W.2d 357 (1972); *Godard*, 55 Wis. 2d at 190-91; *Logan v. State*, 43 Wis. 2d 128, 138-39, 168 N.W.2d 171 (1969).

¶62 Lee also presses constitutional claims regarding the alleged deprivation of his due process rights and the denial of his rights to counsel and to a speedy trial. The doctrine of constitutional avoidance counsels against our addressing constitutional questions if there is a sufficient statutory basis to decide the case. *See Labor & Farm Party v. Elections Bd., State of Wis.*, 117 Wis. 2d 351, 354, 344 N.W.2d 177 (1984). To the extent that Lee would be entitled to any greater relief on his constitutional claims than on his statutory claim, we conclude his constitutional arguments are either obviously deficient or underdeveloped.[24] *See*

---

[24] Lee's due process argument relies on *Jauch v. Choctaw County*, 874 F.3d 425 (5th Cir. 2017). Although the court discussed the evils of prolonged pretrial detention, it did so with the important qualification that the detention in that case occurred "without an arraignment or other court appearance." *Id.* at 432. Here, a probable cause determination was made during Lee's initial appearance under *State v. Koch*, 175 Wis. 2d 684, 698-99, 499 N.W.2d 152 (1993), thereby satisfying the requirements of *County of Riverside v. McLaughlin*, 500 U.S. 44 (1991).

As for Lee's vague assertions that his rights to counsel and to a speedy trial were violated, he fails to develop key aspects of these claims. Lee was provided counsel during the initial appearance and the preliminary hearing, and, beyond his summary assertions, he fails to demonstrate that the period between those hearings was a "critical stage" of the proceeding to which the right to counsel would attach. *See State v. Forbush*, 2011 WI 25, ¶16, 332 Wis. 2d 620, 796 N.W.2d 741. Furthermore, as noted above, *see supra* ¶20 & n.6, the evidentiary record is incomplete regarding some of Lee's claims as to prejudice and what occurred before he was appointed counsel.

*State v. Pettit*, 171 Wis. 2d 627, 646, 492 N.W.2d 633 (Ct. App. 1992) (holding that we may decline to reach issues that are inadequately briefed). Here, the court should have dismissed the complaint against Lee without prejudice based solely on the failure to properly find good cause to delay the preliminary hearing. We therefore reverse the order and remand with directions for it to do so.

*By the Court.*—Order reversed and cause remanded with directions.

---

Regarding his speedy trial claim, Lee's briefing was unclear about whether he was raising an independent speedy trial claim or merely asserting that the prompt appointment of counsel was important to preserve a defendant's speedy trial right. At oral argument, Lee's counsel clarified that she was intending to make both arguments. However, Lee undertook no analysis of the factors outlined in *State v. Lock*, 2013 WI App 80, ¶21, 348 Wis. 2d 334, 833 N.W.2d 189, which determine whether a speedy trial violation occurred.